David J. GAETANO and Amy Donohoo, Appellants,

v.

UNITED STATES, Appellee.

Anne E. SCHUTT, Appellant,

v.

UNITED STATES, Appellee.

Nos. 13974, 14007.

District of Columbia Court of Appeals.

Argued May 30, 1979.

Decided Aug. 24, 1979.

James G. Kolb, Rockville, Md., with whom Joseph G. Hitselberger, Arlington, Va., was on the briefs, for appellants.

H. Lowell Brown, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty. Washington, D.C., at the time the brief was filed and the case was argued, John A. Terry and Barry M. Tapp, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

KELLY, Associate Judge:

At issue in this case is the criminal liability of individuals who, while acting in full knowledge of the criminal nature of their acts, maintain a belief that their actions were right and necessary.

On the morning of October 12, 1977, appellants and several others staged a protest "sit in" at the Preterm Clinic, a private abortion facility. The protest was a well-orchestrated scenario, which began with two protestors presenting themselves to the receptionist. While these two occupied the receptionist, appellants and others proceeded to the "medical area" behind the desk. Appellants blocked the entrances to the "procedure rooms." They were advised that they were trespassing and would be subject to arrest if they did not leave. Meanwhile, two co-actors had chained themselves to treatment tables; they were not personally informed that they were trespassing. The police arrived shortly thereafter and informed appellants that they would be arrested for unlawful entry if they did not leave the premises. Appellants remained and were placed under arrest and carried, by the police, from the clinic.

At a pretrial hearing, appellants proposed to present evidence at trial of their belief that their actions were justified and proper. Moreover, they desired to present evidence that their actions were necessary to save human life. The proposed evidence included the testimony of a woman who, while awaiting an abortion at another clinic, had been dissuaded by members of the group from having an abortion. They also intended to show color slides depicting the growth of the fetus and to offer the testimony of expert witnesses concerning the existence of human life in the womb.

The court concluded that the evidence would not help to establish the defense of "bona fide belief" in the right to remain, since that defense had been accepted by the court. Nor, ruled the court, would the evidence support a finding for appellants on the basis of necessity. Appellants were each found guilty of one count of unlawful entry, D.C.Code 1973, § 22–3102, and sentenced to pay a fine of $50.00. They now appeal from the above mentioned ruling by the trial court.

The statute under which appellants were convicted states:

Any person who, without lawful authority, shall enter, or attempt to enter, any public or private dwelling, building

or other property, or part of such dwelling, building or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $100 or imprisonment in the jail for not more than six months, or both, in the discretion of the court. [D.C.Code 1973, § 22–3102.]

The elements of the crime are clear; they are not at issue here. What is at issue is the defense of "bona fide belief."

■ Appellants argue that they could not have the requisite general intent to commit this crime because they had a reasonable belief of their right to enter the premises and remain therein. Such a defense is well established in this jurisdiction. *Leiss v. United States*, D.C.App., 364 A.2d 803 (1976); *Jackson v. United States*, D.C.App., 357 A.2d 409 (1976); *United States v. Dougherty*, 154 U.S.App.D.C. 76, 473 F.2d 1113 (1972). The argument's impact is found in the claim that the trial judge erred in not allowing appellants to produce their evidence that their beliefs were reasonable.

■ The trial judge ruled, as a matter of law, that the proffered evidence would not prove the reasonableness of appellants' beliefs. That ruling will withstand argument on appeal unless it can be shown that in arriving at its decision the trial court abused its discretion. *E. g., Punch v. United States*, D.C.App., 377 A.2d 1353, 1358 (1977); *see Johnson v. United States*, D.C.App., 398 A.2d 354, 361–67 (1979). A ruling on expert testimony will not be reversed unless it was "manifestly erroneous." *Dyas v. United States*, D.C.App., 376 A.2d 827, 831 (1977), quoting *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962).

Appellants' assertion of a bona fide belief in their right to enter and to remain bespeaks a misunderstanding of that concept as it has been adopted in this jurisdiction. In *Jackson v. United States, supra* at 411, we stated:

While we have said that innocent entry upon unmarked or ambiguously marked premises may constitute a defense to a charge of unlawful entry, that concept does not extend to cover the present situation. To be sure, appellant entered and remained in the apartment lawfully when he had Celey's permission to do so. However, when it became clear to him, as he testified it had, that she was ordering him to leave, any grounds for a bona fide belief in his right to remain lapsed. A bona fide belief must have some reasonable basis before an accused can claim that such a belief exonerates his behavior. [Citations and footnotes omitted.]

In *Smith v. United States*, D.C.App., 281 A.2d 438 (1971), we upheld a conviction for unlawful entry where the defendant proffered that he was merely taking a shortcut. There, the trial court refused to give the "bona fide belief" instruction. We noted:

To warrant an instruction it is not sufficient that an accused merely *claim* a belief of a right to enter. A bona fide belief must have some justification—some reasonable basis. Such was not present here. Appellant's transgression of the lot in the daytime when construction activity was in progress and workers present hardly created a right, or reasonable belief in such, to trespass on the locked unguarded site at night. Moreover, appellant himself acknowledged that he knew his intrusion was unwarranted when, upon questioning by the prosecutor, he testified that the gate was locked "[t]o keep people from going through there." It is irrelevant that the stated purpose for the unlawful entry (assuming appellant's version to be true), *i. e.*, to take a shortcut from the adjacent basketball court, may have been intrinsically harmless; the crime was committed when he intentionally trespassed on the property against the will of the party in control without a justifiable reason. [*Id.* at 439–40; footnote omitted; emphasis in original.]

The clear rule of law gleaned from these cases, as well as others, *see infra*, is that a reasonable belief in an individual's right to remain on property not owned or possessed by that individual must be based in the pure indicia of innocence. There must be some evidence that, for example, the individual had no reason to know that he was trespassing on the rights of others. Perhaps the individual could reasonably believe that he had title or a possessory interest in the land, or that the land was publicly owned. Perhaps he could believe that he was invited onto the land. The "bona fide belief" defense was not meant to, and does not, exonerate individuals who believe they have a right, or even a duty, to violate the law in order to effect a moral, social, or political purpose, regardless of the genuineness of the belief or the popularity of the purpose.

The cases of *Leiss v. United States, supra*, and *United States v. Dougherty, supra*, directly support our holding. In the former, Leiss entered the White House through a public entrance and proceeded to station himself in a public area and to read a statement concerning America's violation of the Paris Peace Accords, the agreement that terminated America's involvement in the war in Vietnam. He was told that he could remain until noon, but after that time he would have to leave since the public area would then be closed. He did not leave at the appointed time and was arrested and convicted for unlawful entry. We rejected Leiss' argument concerning "bona fide belief," finding that he was well informed that he had no right to remain in the building after the noon hour. *Leiss v. United States, supra* at 809.

In *Dougherty*, the defendants were found guilty of second-degree burglary and malicious destruction, D.C.Code 1973, §§ 22–1801(b), –403 respectively, after they entered and ransacked an office of the Dow Chemical Co. Their action was a protest against the war in Vietnam. The circuit court upheld the convictions holding, *inter alia*, that an instruction to the jury—that the moral principles and concomitant motives of the defendants were irrelevant—

was proper. *United States v. Dougherty, supra* at 100–101, 473 F.2d at 1137–38.

Appellants' argument concerning necessity is equally misdirected. They rely strongly on the D.C. Superior Court case of *United States v. Randall*, 104 Wash.D.L. Rep. 2249 (Dec. 28, 1976). That case is inapposite as it involved the use and possession of marijuana and other drugs by an individual who could document that such use and possession was demonstrably medically beneficial to his eye condition. Here, appellants can rely only on their own evidence that abortion terminates the life of the fetus. While correct, such evidence does not support an immediate call to action in violation of the law of the land. *See Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

Indeed, when stripped from its rhetoric, the necessity argument is merely a restatement of the "bona fide belief" argument. Appellants stated in their appellate brief:

> The core of defendants' argument is that "public policy favors the commission of a lesser harm (the commission of what would be otherwise a crime) when this would avoid a greater harm." *Lafave and Scott, supra,* at 378. This argument is what the defendants intended to provide for the jury had their evidence been admitted.

\* \* \* \* \* \*

It is important to note that the defendants certainly have moral beliefs which motivate them and permit them to recognize the horror of destroying unborn human life. But, the defendants do not ask to be judged on their moral beliefs. What they asked the trial court was to permit them to produce extrinsic evidence which would establish a reasonable and objective, not a moral, basis for their beliefs. They ask to establish that they have been faced with the pressure of circumstances and it is in the public interest to select the lesser of two evils. *But see State v. Dorsey*, 395 A.2d 855, 856 (N.H.1978) (refusing to apply the statutory defense of "competing harms" to a criminal

trespass (demonstration) on a construction site of a nuclear power plant). Unlike medical necessity or other emergency situations, the necessity cited by appellants cannot shield them from criminal liability for their acts.

The rights to free speech, to assembly, and to petition the government for grievances are a cornerstone of the American system. So, too, is the right to be free from criminal interference. These appellants trespassed on the rights of others and did so without excuse. Therefore, finding no error at trial, the convictions are

*Affirmed.*