THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID KRIZKA *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 79-365

Opinion filed December 31, 1980.—Rehearing denied February 3, 1981.

Speranza & Veverka, of Chicago (Carmen V. Speranza, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Terence P. Gillespie, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

In a bench trial, the 12 defendants were found guilty of criminal trespass to land (Ill. Rev. Stat. 1977, ch. 38, par. 21—3(a)) and were sentenced to one year conditional discharge. On appeal, defendants contend that the defense of necessity justified their actions. (Ill. Rev. Stat. 1977, ch. 38, par. 7—13.) We affirm.

On March 11, 1978, defendants entered the Concord Medical Center in Chicago, Illinois, without permission and refused to remove themselves from the premises. The Center performs abortions during the first trimester of pregnancy, and defendants' entry was intended to prevent the "killing of any unborn fetus" scheduled for that day. Defendants believed they would save the fetuses by peaceably interposing themselves between females seeking abortions and the officers, agents and servants of the Center who would perform the abortions. As a result of defendants' conduct, although a number of females seeking abortions entered the premises, none of them entered the area in which abortions were performed. Defendants believed the action they took was necessary to avoid the death of the fetuses, an injury which they believed to be greater than the injury of criminal trespass to land. Since defendants admit the acts of criminal trespass, the only issue to be determined is whether the trial court erred when it determined that these acts were not justified by reason of necessity.

■■ The defense of necessity applies where the accused reasonably believed that conduct which would otherwise be an offense was neces-

sary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct. (See Ill. Rev. Stat. 1977, ch. 38, par. 7—13.) Thus, necessity is viewed as involving the choice between two admitted evils (see *People v. Unger* (1977), 66 Ill. 2d 333, 340, 362 N.E.2d 319, 322) where other optional courses of action are unavailable (see *United States v. Mowat* (9th Cir. 1978), 582 F.2d 1194, 1208). Defendants here contend that they had to commit the acts of criminal trespass in order to prevent the deaths of fetuses, which they perceived as the greater injury. We disagree with defendants' contention because the "injury" prevented by the acts of criminal trespass is not a legally recognized injury.

In *Roe v. Wade* (1973), 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705, the Supreme Court recognized that the right of privacy guaranteed by the Constitution is broad enough to encompass a woman's decision as to whether or not to terminate her pregnancy. While this right is not unqualified during the later stages of pregnancy, the court determined that during the first trimester of pregnancy and prior to the viability of the fetus, the State may not interfere with the right of the woman to make her own decision regarding abortion. In *Planned Parenthood v. Danforth* (1976), 428 U.S. 52, 49 L. Ed. 2d 788, 96 S. Ct. 2831, the court further determined that since the State was prohibited from unduly burdening the abortion decision during the first trimester of pregnancy, it could not give to third parties, specifically a spouse or a parent (or a person *in loco parentis*) of an unmarried minor, an absolute and possibly arbitrary veto over the abortion decision. Although the Supreme Court has considered several different questions relating to the abortion issue since *Roe* and *Danforth (e.g., Bellotti v. Baird* (1979), 443 U.S. 622, 61 L. Ed. 2d 797, 99 S. Ct. 3035; *Colautti v. Franklin* (1979), 439 U.S. 379, 58 L. Ed. 2d 596, 99 S. Ct. 675; *Maher v. Roe* (1977), 432 U.S. 464, 53 L. Ed. 2d 484, 97 S. Ct. 2376), the right of a woman to seek an abortion during the first trimester of pregnancy has not been abrogated.

■■ We therefore conclude that defendants did not engage in illegal conduct because they were faced with a choice of evils. Rather, they intentionally trespassed on complainant's property in order to interfere with the rights of others. Clearly, this situation does not present the circumstances envisioned by the necessity statute. Moreover, defendants' argument that the decision in *Roe* is not applicable here because that case relies on the fourteenth amendment, which prohibits actions by the States, not individuals, is without merit. The argument ignores the fact that defendants' convictions did not arise from the violation of the constitutional rights of pregnant women, but rather, were the result of defendants' acts of criminal trespass. Under *Roe*, an abortion during the first trimester of

pregnancy is not a legally recognizable injury, and therefore, defendants' trespass was not justified by reason of necessity.

Defendants attempt to circumvent the effect of *Roe* and to bolster their defense of necessity by arguing that they reasonably believed that they acted to prevent the destruction of human life. They point to language in *Roe* in which the court declined to speculate on when human life begins. (See 410 U.S. 113, 159, 35 L. Ed. 2d 147, 181, 93 S. Ct. 705, 730.) Defendants argue that life begins at the time of conception, and that they were denied due process of law because the trial court refused to admit evidence which was proferred to support this contention.

■■ True, in *Roe*, the court acknowledged the existence of competing views regarding the point at which life begins. However, the court declined to adopt the position that life begins at conception, giving recognition instead to the right of a woman to make her own abortion decision during the first trimester. (410 U.S. 113, 162, 35 L. Ed. 2d 147, 182, 93 S. Ct. 705, 731.) We do not believe that the court in *Roe* intended courts to make a case-by-case judicial determination of when life begins. We therefore reject defendants' argument.

■■ We also reject defendants' argument that their convictions should be reversed because they were not proved guilty beyond a reasonable doubt. Defendants stipulated to their acts of criminal trespass, and their defense to the commission of these acts is unfounded. Defendants chose criminal conduct rather than available legal means of dramatizing their opposition to abortion, and they must now accept the punishment which is a concomitant of such action. See *United States v. Kroncke* (8th Cir. 1972), 459 F.2d 697, 703, quoting *United States v. Moylan* (4th Cir. 1969), 417 F.2d 1002, 1008.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.