THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellees, *v.* NICHOLAS G. STISO *et al.*, Defendants-Appellants.

First District (4th Division)    Nos. 79-1372 through 79-1375 cons.

Opinion filed February 5, 1981.

Patrick A. Trueman and Thomas J. Marzen, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and Mark S. Komessar, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

On May 20, 1978, defendants, Nicholas Stiso and Monica Migliorino, were arrested inside the Albany Clinic in Chicago after they sought to bar access to rooms where abortions were performed. Both defendants were charged with having breached the peace in violation of the Chicago municipal ordinance on disorderly conduct (Municipal Code of the City of Chicago, ch. 193—1(a)), and the State disorderly conduct statute. (Ill. Rev. Stat. 1979, ch. 38, par. 26—1(a).) Following a bench trial both

defendants were convicted on both charges. Each received a suspended $25 fine for the city violation. For the State violation defendant Migliorino received a sentence of one year's misdemeanor probation and defendant Stiso was placed on court supervision for one year.

On appeal the defendants contend that the trial court erred in granting the State's motion *in limine* to bar defendants from raising the defense of necessity.

We affirm defendants' convictions for disorderly conduct under the Criminal Code but vacate their municipal ordinance convictions and sentences under the principles enunciated in *People v. King* (1977), 66 Ill.2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

Defendants do not contest the sufficiency of the evidence. At trial the manager of the Albany Clinic, Roxanne MacMillan, testified that the clinic, which was licensed by the State of Illinois, provided a number of pregnancy-related services, including first trimester abortions. At about 8 a.m. on May 20, 1978, a group of people, including defendants, entered the clinic and formed a ¾ circle in the waiting room, blocking the door to the surgery room. Four women patients were in the waiting room at the time. Both defendants addressed the patients, seeking to dissuade them from obtaining abortions. MacMillan asked the members of the group to leave the lobby but they all refused. The police were summoned, and again requests to leave were refused. When MacMillan began to sign a complaint all the members of the group except the defendants left. After refusing another request to leave the defendants were arrested. Testimony by other clinic workers and by the arresting officer generally corroborated this testimony. Defendants in their testimony contradicted some details of this evidence but they both admitted that they entered the clinic and attempted to block access to the surgery room.

The issue before us arises from the State's pretrial motion *in limine* in which they successfully contended to the trial court that the defendants should be precluded from presenting any evidence concerning the defense of necessity as it related to the claim that they were acting to save the lives of fetuses. Following the presentation of memoranda on the question by both parties the trial court granted the motion. After an unsuccessful motion to vacate this order defendants submitted an offer of proof, including affidavits from both defendants. In these affidavits defendants set forth their belief that human life begins at the moment of fertilization. They further stated that their actions at the clinic were designed to save the lives of unborn children.

The Illinois necessity statute provides:

"Necessity. Conduct which would otherwise be an offense is justifiable by reason of necessity if the accused was without blame

in occasioning or developing the situation and reasonably believed such conduct necessary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct." (Ill. Rev. Stat. 1979, ch. 38, par. 7—13.)

Defendants contend that they were entitled to raise this defense by presenting evidence that they acted to prevent the death of fetuses. This identical contention was recently rejected by this court in *People v. Krizka* (1980), 92 Ill. App. 3d 288, 416 N.E.2d 36. There the defendants entered a medical center and blocked access to operating rooms where abortions were to be performed. It was stipulated at trial that those defendants believed their conduct was necessary to prevent the greater injury which would result from the abortions, the death of fetuses. However, the defendants were not permitted to introduce additional evidence to support this contention. On appeal this court upheld the exclusion of this evidence, finding that the necessity defense was inapplicable because the alleged injury sought to be avoided, the abortions, was not a legally recognized injury. This determination was based on the fact that the United States Supreme Court has upheld the right of women to obtain first trimester abortions without interference from the State (*Roe v. Wade* (1973), 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705), and without interference from spouses or parents to whom the State had sought to give an absolute veto over such a decision. *Planned Parenthood v. Danforth* (1976), 428 U.S. 52, 49 L. Ed. 2d 788, 96 S. Ct. 2831.

We find the determination in *Krizka* to be controlling here. It is clear that the very activity labelled an injury by defendants and sought to be prevented has been afforded legal protection by the United States Supreme Court. It would be unreasonable under these circumstances to so construe the Illinois necessity statute as to provide these defendants, and others sharing similar personal beliefs, with protection from conviction for crimes committed in derogation of this protected right.

The Model Penal Code provision of the choice of evils (necessity) defense expressly states what we find to be implicit in our own statute:

"(1) Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable, provided that:

(a) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged; and

(b) neither the Code nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(c) *a legislative purpose to exclude the justification claimed does not otherwise plainly appear*." (Emphasis added.) (Model Penal Code §3.02 (Official Draft 1962).)

The New Hampshire Supreme Court has also construed its choice of evils (necessity) statute, which is substantially the same as ours, in a manner consistent with the Model Penal Code provision. (*State v. Dorsey* (1978), ___ N.H. ___, 395 A.2d 855; see also *Gaetano v. United States* (D.C. App. 1979), 406 A.2d 1291.) In *Dorsey* the defendant was arrested and convicted for trespass after he participated in a mass occupation of the construction site of a nuclear power plant. Defendant had been precluded from utilizing the necessity defense, and on appeal the New Hampshire Supreme Court upheld this decision. The court noted that the New Hampshire legislature had provided for the construction of such plants after evaluation of public health and safety risks. Using the same Model Penal Code policy we have cited, the court found it "inconceivable that the legislature would intend that nuclear power be considered such a harm as to justify individuals in breaking the law." (*Dorsey,* ___ N.H. ___, ___, 395 A.2d 855, 857.) Accordingly, they found that as a matter of law defendant's behavior was not within the scope of the necessity statute.

■■ Defendants cite *City of Chicago v. Mayer* (1974), 56 Ill.2d 366, 308 N.E.2d 601, as an example of the necessity defense being applied to interference with a legal activity. In *Mayer* a medical student had sought to prevent an injured man from being moved by the police because he suspected the man had a spinal injury which would be worsened by the move. The trial judge did not allow the jury to be instructed on the defense of necessity, and defendant was convicted of disorderly conduct and interference with a police officer in the performance of his duty. On appeal our supreme court reversed, holding that defendant was entitled to an instruction on that defense. But the crucial distinction between that case and the case at bar is that the injury sought to be avoided in *Mayer*, aggravation of a spinal injury, was not protected by law. Here the very thing which defendants allegedly sought to prevent through their actions, abortion of fetuses, has been given the legal protection we have described. Thus we find no basis for error in the refusal of the trial court to allow the presentation of evidence by defendants on this issue and their convictions will not be overturned on that ground.

■■ We have noted that both defendants were convicted on two charges of disorderly conduct, one based on a municipal ordinance violation and the other based on a State statute. Sentences were imposed on each conviction although the fines entered on the municipal violations were suspended. Because all these charges arose out of the same act of breach of the peace by each defendant we vacate the judgments of conviction and the sentences entered for the municipal ordinance violations. *People v. King* (1977), 66 Ill.2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; see *City of Chicago v. Hill* (1968), 40 Ill. 2d 130, 238 N.E.2d 403.

For the foregoing reasons, the judgments of the circuit court are affirmed in part and vacated in part.

Affirmed in part, vacated in part.

JOHNSON and JIGANTI, JJ., concur.