THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICIA J. SMITH, Defendant-Appellant.

Third District    No. 3—87—0028

Opinion filed September 28, 1987.

Daniel J. Smith, of Morton, for appellant.

John A. Barra, State's Attorney, of Peoria (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Defendant, a pro-life activist, appeals from her conviction for the offense of criminal trespass to land (Ill. Rev. Stat. 1985, ch. 38, par. 21—3a) occupied by the National Health Care Services of Peoria, an abortion clinic. Prior to trial, defendant had served a subpoena *duces tecum* upon the clinic requesting the production of all records showing the names, addresses and telephone numbers of employees, clients and other persons who were at the clinic on April 30, 1986, the date of the offense. Upon the clinic's motion, and after extensive briefing on behalf of defendant and the clinic, the trial court quashed the subpoena. The matter proceeded to a bench trial. As a preliminary matter, the State filed a motion *in limine* seeking to preclude defendant from presenting a necessity defense (Ill. Rev. Stat. 1985, ch. 38, par. 7—13). The motion was granted.

At trial, defendant presented an offer of proof of necessity as her only defense. After both parties rested, the court found that all elements of the charged offense had been proved, and entered a conviction accordingly. Defendant's post-trial motion was subsequently denied, and defendant was sentenced to two years of court supervision and ordered to pay a $100 fine and court costs.

In this appeal, defendant contends that the court erred in quashing her subpoena *duces tecum* and in granting the State's motion *in*

*limine.* For reasons that follow, we affirm.

■ Initially, we find no error in the trial court's granting of the State's motion *in limine* and refusing to admit her offer of proof of necessity. While we are not unsympathetic to defendant's moral position, we would do violence to the legal doctrine of necessity were we to sanction its use in this case. By statute, the defense is available only where "the accused was without blame in occasioning or developing the situation and reasonably believed [her] conduct was necessary to avoid a public or private injury greater than the injury which might reasonably result from [her] own conduct." (Ill. Rev. Stat. 1985, ch. 38, par. 7—13.) "The doctrine [of necessity] was developed to deal with unusual circumstances—ones never contemplated by the criminal or civil law. Abortions are not rare occurrences. They are sanctioned by the Constitution and by a substantial portion of society. This is not an area in which the law is silent. When a court applies necessity, its balancing of the harms reflects society's consensus. Necessity is meant to justify action that society would clearly want to exonerate. Trespasses that interfere with constitutional rights do not fall within this purpose." Note, *Necessity as a Defense to a Charge of Criminal Trespass in an Abortion Clinic,* 48 U. Cin. L. Rev. 501, 515 (1979). See also *People v. Krizka* (1980), 92 Ill. App. 3d 288, 416 N.E.2d 36; *People v. Stiso* (1981), 93 Ill. App. 3d 101, 416 N.E.2d 1209.

The stated public policy of Illinois is to prefer childbirth over abortion. (Ill. Rev. Stat. 1985, ch. 38, par. 81—21.) Notwithstanding this policy, an abortion clinic may legally operate within the State. The clinic's patients enjoy a constitutionally protected right to receive legal abortions (*Roe v. Wade* (1973), 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705), a right unacceptable, but not unknown, to defendant; and the only illegality or legally cognizable "injury" alleged in this case is that of defendant's trespass.

■ We have reviewed and considered the record of defendant's offer of proof and all of the arguments presented by defendant in resisting the foregoing conclusion, and we find them unavailing. In her offer of proof, defendant sought to establish that a certain young woman who entered the clinic on April 30, 1986, appeared to defendant to be at least 20 weeks pregnant. Upon cross-examination, however, it became clear that defendant's estimate of the pregnancy was, at best, only an educated guess. Moreover, defendant failed to establish that the clinic performed an abortion or agreed to do so for the woman in question. Thus, whatever may be said about defendant's blame or blamelessness in "occasioning or developing the situation" (see *People v. Roberts* (1985), 136 Ill. App. 3d 863, 483 N.E.2d 1328),

it is clear that in any event the balancing-of-injuries prong of the necessity defense cannot be applied to the situation here.

The arguments defendant presents in support of the subpoena issue were addressed in *People v. West* (1981), 102 Ill. App. 3d 50, 429 N.E.2d 599. There, defendant was charged with and convicted of misdemeanor theft of railroad ties. Prior to trial, defendant served two subpoenas upon Burlington Northern Railroad Company, owner of the ties, for production of, *inter alia*, "any reports of any detectives or any statements taken by employees or agents of the railroad" and "all diaries, summaries, reports, notes or memoranda of crew foreman, supervisory personnel, or section chiefs regarding [the relevant] stretch of railroad." Both subpoenas were quashed by the trial court on motion of the railroad. This ruling was affirmed on appeal.

■ The constitutional guarantee of compulsory process requires issuance of pretrial subpoenas where the defendant establishes that: (1) the material sought is evidentiary and relevant; (2) the material sought is not otherwise reasonably procurable by the exercise of due diligence in advance of trial; (3) the defendant cannot properly prepare for trial without such production and the failure to obtain the materials sought may tend to unreasonably delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." (102 Ill. App. 3d 50, 52, 429 N.E.2d 599, 602, citing *United States v. Nixon* (1974), 418 U.S. 683, 41 L. Ed. 2d 1039, 94 S. Ct. 3090.) In *West*, the court on review determined that defendant's demands violated the *Nixon* prohibitions against "fishing expeditions" and requests for material of dubious relevance.

■ In the case before us, the trial court granted the clinic's motion to quash on grounds that the disclosure of its clients' identities would have violated their physician/patient privilege and could have resulted in the pro-life activists' picketing of their homes, as they allegedly had previously done to Margaret VanDuyn, the clinic's administrator, whose address and telephone number were known to defendant. The court further noted that its ruling did not impair defendant's right to disclosure of witnesses who would be called to testify against her at trial. Ill. Rev. Stat. 1985, ch. 38, par. 114—9.

Defendant relies upon our supreme court's decision in *People v. Florendo* (1983), 95 Ill. 2d 155, 447 N.E.2d 282, in urging that disclosure of the clinic's clients' identities here would not impermissibly impair their physician/patient privilege or their right of privacy. *Florendo* is distinguishable in that the subpoena *duces tecum* there had been issued by a grand jury investigating criminal activity. The court ruled that the abortion clinic's clients' interests in confidential-

ity should, in such case, give way to the public's interest in "ferret-[ing] out criminal activity." (95 Ill. 2d 155, 158, 447 N.E.2d 282, 284.) The court noted that a contrary result would present an opportunity for physicians to invoke the physician/patient privilege so as to insulate themselves from their own misconduct, rather than protecting the patients' privacy interests. Further, the court observed that in the situation there presented, the patients' privacy interests were diminished because, as public aid recipients, the patients' names were already revealed to the Department of Public Aid, and, in any event, the secrecy of grand jury proceedings would provide some degree of protection of the women's constitutional interests.

By contrast, in the case before us, we find no overriding interest in the State or in this defendant that could outweigh the confidentiality interests of the clinic's patients. Here, the subpoena was issued with, at best, a vague hope of discovering one or more patients whose fetuses were viable. Such discovery, defendant theorizes, would enhance her "necessity" defense and thereby be relevant and admissible evidence in her favor at trial.

The problem with defendant's position is that, as stated above, necessity is not a permissible defense to criminal trespass in the abortion clinic setting. (*People v. Krizka* (1980), 92 Ill. App. 3d 288, 416 N.E.2d 36; *People v. Stiso* (1981), 93 Ill. App. 3d 101, 416 N.E.2d 1209.) Defendant's failure to allege the occurrence of any illegality on the premises prior to her arrival leaves her in a position no better than that of the defendant in *West*. Simply stated, defendant's subpoena *duces tecum* cannot be said to have requested relevant material or material necessary to her preparation for trial.

Defense counsel's oral modification of the subpoena so as to request only disclosure of the identities of those persons on the premises at the time of the crime does not improve defendant's position. Obviously, as aforesaid, defendant was entitled to discover those persons who would be testifying against her at trial. (Ill. Rev. Stat. 1985, ch. 38, par. 114—9.) Defendant's proposed discovery beyond that statutorily required amounted to a "fishing expedition," specifically proscribed by *West* and *Nixon*. We hold that the trial court committed no error in granting the clinic's motion to quash.

For the reasons stated, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.