Jane ROE, et al.

v.

**OPERATION RESCUE, et al.**

Civ. A. No. 88–5157.

United States District Court, E.D. Pennsylvania.

Nov. 9, 1988.

Mary A. McLaughlin, Linda J. Wharton, Debra L. Subar, Susan Cary Nicholas, Women's Law Project, Philadelphia, Pa., for plaintiffs.

Joseph F. Wusinich, III, Wusinich & Brogan, West Chester, Pa., for Michael McMonagle, Pro–Life Non–Violent Action Project of Philadelphia, and Chester County Citizens Concerned About Life.

William A. Bonner, Rutherford Institute of Pennsylvania, Media, Pa., for Randall Terry and Operation Rescue.

J. Michael Considine, Jr., Philadelphia, Pa., for Joseph Foreman and Council for Sanctity of Human Life.

Marion Edwyn Harrison, Washington, D.C., David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for American Life League and Judie Brown, individually and as an officer of American Life League.

Mark L. Tunnell, West Chester, Pa., for Chester County Citizens Concerned About Life.

## MEMORANDUM

NEWCOMER, District Judge.

This is an action for declaratory and injunctive relief sought against various anti-abortion activists. Presently before the Court are several motions relating to a hearing scheduled for November 15, 1988, on civil contempt and permanent injunctive relief.

### I. *Stay of Contempt Hearing*

Defendants argue that a stay of the contempt proceeding scheduled for November 15, 1988, is necessary to allow defendants to defend themselves at the contempt hearing without incriminating themselves in "pending or potential criminal proceedings." They request that the contempt hearing be stayed "until termination of the related state criminal prosecutions and the expiration of any applicable periods of limitation on criminal prosecutions for conduct related to the subject matter of this lawsuit."

The decision to stay civil proceedings pending disposition of a criminal case lies within the discretion of the trial court. *Landis v. North Am. Co.*, 299 U.S. 248, 255–56, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *DeVita v. Sills*, 422 F.2d 1172, 1181 (3d Cir.1970). There is no constitutional requirement that a stay be granted in such situations. *DeVita*, 422 F.2d at 1181. The party seeking the stay "must make out a clear case of hardship or inequity" in being compelled to proceed. *Landis*, 299 U.S. at 255, 57 S.Ct. at 166.

The facts of the instant matter do not support a stay of the contempt hearing. First, there is no way of knowing how long it will be before criminal proceedings (if any) against the defendants conclude and the applicable statutes of limitation expire. This is particularly true when it appears to be the intention of some of the defendants to continue participating in similar protests and demonstrations throughout the country. *See* Phila. Inquirer, Oct. 30, 1988, at 1–A (describing protest activities occurring

on October 29, 1988, in Philadelphia and throughout the United States). As noted by plaintiffs, the defendants could postpone the contempt proceeding indefinitely by continuing to participate in illegal activities.

Second, the activities that form the basis for the contempt hearing occurred after the filing of this action. The Court cannot honor a request to stay proceedings when the conduct alleged occurred while this civil action was pending and when it is apparent that such conduct would lead to arrest.

For these reasons, defendants' request for a stay will be denied. *See also Northeast Women's Center, Inc. v. McMonagle*, No. 85–4845 (E.D.Pa. Feb. 13, 1987) [1987 WL 6666] (J.M. Kelly, J.) (denying a stay under similar circumstances).

## II. *Stay Entry of Permanent Injunction*

Defendants next argue that the court should stay entry of permanent injunctive relief until the court renders a decision on Defendants' Motion to Dismiss and until a decision is rendered by the Third Circuit in *Northeast Women's Center v. McMonagle*, 689 F.Supp. 465 (E.D.Pa.), *appeal docketed*, No. 88–1268 (3d Cir. Apr. 7, 1988). The court rejects both of these arguments. Plaintiffs' complaint alleges two federal claims for relief—violations of 42 U.S.C. § 1985(3) and 18 U.S.C. § 1962(c) ("RICO") —and four state tort law claims—tortious interference with existing and prospective contractual relations, trespass, intentional infliction of emotional distress and false imprisonment. Each of these claims may provide a basis for the granting of permanent injunctive relief. *See, e.g., Northeast Women's Center v. McMonagle*, 665 F.Supp. 1147 (E.D.Pa.1987) (granting permanent injunctive relief on pendent state law trespass claim under similar factual circumstances); *Northern Virginia Women's Med. Ctr. v. Balch*, 617 F.2d 1045 (4th Cir.1980) (sustaining injunction against anti-abortion protesters on pendent state law claims; federal jurisdiction was predicated on 42 U.S.C. § 1985(3)); *Portland Feminist Women's Health Center v. Advocates for Life*, 859 F.2d 681 (9th Cir.1988) (sustaining injunction against anti-abortion protesters).

■ During the period of time since the hearing on contempt and permanent injunctive relief was scheduled, a status conference was held in this matter and a pretrial scheduling order was issued. Accordingly, the court now deems it appropriate to consolidate the hearing on permanent injunctive relief with the trial on the merits. *See* Fed.R.Civ.P. 65(a)(2); *see also Northeast Women's Center v. McMonagle*, 813 F.2d 53, 54 (3d Cir.1987); *Northeast Women's Center v. McMonagle*, 665 F.Supp. 1147, 1151 (E.D.Pa.1987). For these reasons, the motion to stay entry of permanent injunctive relief will be denied as moot. As stated at the recent status conference, the court will consider at the hearing whether to extend the terms of the preliminary injunction beyond the date specified in the Order dated September 21, 1988.

## III. *Motion in Limine*

■ Defendant McMonagle has submitted a motion in limine to permit him to produce "medical and scientific evidence as to the humanity of the unborn child" as part of a "justification defense" to the contempt hearing. According to his motion, McMonagle would use such evidence to show that he and the other defendants had a reasonable belief that their actions were necessary to protect the life of another.

Whether evidence of justification is admissible in a civil action involving anti-abortion activists was addressed recently by Judge James McGirr Kelly in *Northeast Women's Center v. McMonagle*, No. 85–4845 (E.D.Pa. Feb. 13, 1987).[1] In that case,

---

1. In his memorandum Judge Kelly cites six reported state court decisions that have addressed the justification defense in the context of anti-abortion protests. *See Cleveland v. Municipality of Anchorage*, 631 P.2d 1073 (Alaska 1981); *Gaetano v. United States*, 406 A.2d 1291 (D.C.1979);

*People v. Stiso*, 93 Ill.App.3d 101, 48 Ill.Dec. 687, 416 N.E.2d 1209 (1981); *People v. Krizka*, 92 Ill.App.3d 288, 48 Ill.Dec. 141, 416 N.E.2d 36 (1980); *Sigma Reproductive Health Center v. State*, 297 Md. 660, 467 A.2d 483 (1983); *City of St. Louis v. Klocker*, 637 S.W.2d 174 (Mo.App.

defendants contended that evidence of their moral objections to abortion was relevant and afforded them a legal justification for their actions. After a thoughtful and thorough analysis of the issue, Judge Kelly determined that evidence relating to a justification defense was not relevant to the case and would be precluded.[2]

In light of Judge Kelly's recent and thorough analysis of the issue, extensive discussion of the same issue as presented in this case is unnecessary. The court will make the following observations, however. First, a woman has a fundamental right to decide whether to end her pregnancy. *Thornburgh v. American Coll. of Obstet. and Gyn.*, 476 U.S. 747, 772, 106 S.Ct. 2169, 2185, 90 L.Ed.2d 779 (1986). Second, providing and receiving abortion services is permitted in Pennsylvania by the Abortion Control Act, 18 Pa.Cons.Stat.Ann. §§ 3201–3220 (Purdon 1983 and Supp.1988).[3] Given these facts, the court does not believe that a justification defense is available or proper in the instant matter. *Accord Northeast Women's Center v. McMonagle*, No. 85–4845 (E.D.Pa. Feb. 13, 1987); *see also Commonwealth v. Berrigan*, 509 Pa. 118, 501 A.2d 226, 229 (1985) ("[T]he defense [of justification] cannot be available in situations where the conduct some perceive to engender public disaster has been specifically approved of by legislation making it legal conduct...."). Accordingly, defendant McMonagle's motion in limine will be denied. Absent a prior demonstration of relevance, *see* Fed.R.Evid. 402, defendants may not introduce evidence bearing on jus-

tification or motive for the acts allegedly committed.

An appropriate order follows.

## ORDER

AND NOW, this 9th day of November, 1988, upon consideration of the motions and responded thereto before the court, it is hereby Ordered that:

1. Defendants' Motion to Stay Contempt Hearing is DENIED.

2. Defendants' Motion to Stay Entry of Permanent Injunction is DENIED as moot. Pursuant to Fed.R.Civ.P. 65(a)(2), the hearing on permanent injunctive relief is hereby consolidated with the trial on the merits.

3. Defendant McMonagle's Motion in Limine to Permit Medical Testimony as to the Humanity of the Unborn Child is DENIED. Absent a prior demonstration of relevance, defendants may not introduce evidence bearing on justification or motive for the acts allegedly committed.

AND IT IS SO ORDERED.

1982); *State v. Horn*, 126 Wis.2d 447, 377 N.W. 2d 176 (1985). Although each of these cases involved criminal prosecutions, Judge Kelly found their reasoning enlightening in the civil context as well.

2. Judge Kelly's Order states in relevant part:
   7. The plaintiff's motion to preclude the introduction of evidence concerning justification and motive is GRANTED. Defense counsel may, in the opening statement to the jury, explain the circumstances surrounding the defendants' presence in the plaintiff's property. Counsel may not extract testimony or introduce evidence of the defendants' beliefs on abortion absent a prior demonstration of the

relevance of the proposed evidence. Counsel may not argue or imply to the jury, in either an opening statement or closing argument, that the defendants' beliefs afford them any type of legal justification defense.
*Northeast Women's Center*, No. 85–4845 (E.D.Pa. Feb. 13, 1987) (Order).

3. The fact that Pennsylvania law authorizes abortions severely undercuts the purported relevance of any medical or scientific evidence regarding "the humanity of the unborn child" sought to be introduced by defendants and the applicability of the caselaw defendants cite in support of their argument.