**UNITED STATES of America**

v.

**Paul Jennings HILL.**

**No. 94–03118–RV.**

United States District Court,
N.D. Florida,
Pensacola Division.

Sept. 28, 1994.

Paul Jennings Hill, Pensacola, FL, pro se.

David Lee McGee, Asst. U.S. Atty., U.S. Dept. of Justice, Tallahassee, FL, for U.S.

## ORDER

VINSON, District Judge.

The government has moved, *in limine,* to prevent the defendant from introducing any evidence of the defense of "necessity" or "justification." (doc. 17) The defendant has not filed any response. For the reasons stated, the motion is GRANTED.

## I. *ANALYSIS*

The defense variously referred to as "necessity" or "justification" is an affirmative defense which essentially excuses otherwise criminal conduct which is committed for the purpose of preventing an imminent greater harm. *See United States v. Bailey,* 444 U.S. 394, 409–410, 100 S.Ct. 624, 634, 62 L.Ed.2d 575, 590 (1979); *United States v. Montgomery,* 772 F.2d 733, 736 (11th Cir. 1985); *United States v. Schoon,* 939 F.2d 826, 827 (9th Cir.1991); and *Northeast Women's Center Inc. v. McMonagle,* 868 F.2d 1342, 1350–52 (3rd Cir.1989). In order to have the defense submitted to a jury, the defendant must first produce or proffer evidence sufficient to prove the essential elements of the defense. *See Bailey,* 444 U.S. at 412 n. 9, 100 S.Ct. at 635 n. 9, 62 L.Ed.2d at 592 n. 9.

In general, a defendant in a criminal trial "is entitled to have a jury consider any defense which is supported by the law and has sufficient foundation in the evidence to create a genuine issue of fact." *United States v. Ortiz,* 804 F.2d 1161, 1163 (10th Cir.1986). *See also United States v. Carter,* 910 F.2d 1524, 1531 (7th Cir.1990). Instructions should be given on a theory of defense if there "is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Opdahl,* 930 F.2d 1530, 1535 (11th Cir.1991). It follows that a defendant should have full opportunity to present evidence in furtherance of a proper and recognized legal defense theory.

To be entitled to a defense of necessity, a defendant must be able to show four essential elements:

(1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he

reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law. *United States v. Milligan,* 17 F.3d 177 (6th Cir.1994); *United States v. Aguilar,* 883 F.2d 662, 693 (9th Cir.1989); *United States v. Gant,* 691 F.2d 1159, 1162–63 (5th Cir.1982). The necessity defense applies to a defendant who commits a crime in an effort to protect or rescue an unrelated third person or persons. *United States v. Newcomb,* 6 F.3d 1129, 1131 (6th Cir.1993); *United States v. Mowat,* 582 F.2d 1194, 1208 (9th Cir.1978). As previously noted, the defendant has the initial burden of producing or proffering evidence sufficient to prove the elements of the defense of necessity before the defense can be submitted to the jury. *United States v. Montgomery,* 772 F.2d 733, 736 (11th Cir. 1985).

■ The government argues that Hill cannot establish the four elements of a necessity defense and, therefore, should be foreclosed from putting on evidence at trial as to this defense. The government first contends that because abortions are a legal, constitutionally protected activity, Hill cannot use a necessity defense. However, the test for necessity requires that the defendant faced with a choice of evils choose the lesser evil; it does not require that the evil perceived must be illegal under the law. Further, even if such a requirement existed, Hill could still potentially meet the requirement.

■ Abortions are not legal under all circumstances. *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Planned Parenthood of Southeastern Penn. v. Casey,* 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) (plurality opinion). The state can legislatively ban non-therapeutic abortions beginning at the point of the viability of the fetus. *Wade,* 410 U.S. at 163–64, 93 S.Ct. at 732, 35 L.Ed.2d at 183; *Casey,* 505 U.S. at ——, 112 S.Ct. at 2803–04, 120 L.Ed.2d at 694. Florida has done so. § 390.001(2), *Fla. Stat.* (1991). Abortions, if performed illegally, would be an "evil" or "harm" in the eyes of the law. Therefore, even if I found that a legal activity was not an "evil" within the context of the first element of a necessity defense, the defendant could potentially prove that abortion was not "legal" under the circumstances.

The second and third elements of the necessity defense require that the defendant "acted to prevent imminent harm" and that "he reasonably anticipated a causal relation between his conduct and the harm to be avoided." *United States v. Aguilar,* 883 F.2d 662, 693 (9th Cir.1989). Many courts have considered these elements in the context of anti-military or anti-nuclear protestors seeking to use the necessity defense. In one such case, the Eleventh Circuit held that "Defendants could not hold a reasonable belief that a direct consequence of their actions would be nuclear disarmament." *United States v. Montgomery,* 772 F.2d 733, 736 (11th Cir.1985). The other circuits are in accord. *See, e.g., United States v. Kabat,* 797 F.2d 580 (8th Cir.1986); *United States v. Dorrell,* 758 F.2d 427 (9th Cir.1985); *United States v. Quilty,* 741 F.2d 1031 (7th Cir.1984); *United States v. Seward,* 687 F.2d 1270 (10th Cir.1982); *United States v. Cassidy,* 616 F.2d 101 (4th Cir.1979). Such protestors are not entitled to present a necessity defense because of the lack of a causal connection between their illegal methods of protest and the results they seek. Also, the harm they seek to prevent, while possible, is not "imminent." That is, nuclear warfare is possible because nuclear weapons exist, but protestors could not prove that nuclear weapons would be used in the immediate future, or that they would ever be used.

■ These decisions are of little help in the present case. Protestors seeking nuclear disarmament are in a different position from that of defendant Hill, who protests the performing of abortions. While protestors of nuclear weapons cannot "hold a reasonable belief that a direct consequence of their actions [will] be nuclear disarmament" [*Montgomery,* 772 F.2d at 736], it is possible to hold a reasonable belief that injuring or interfering with abortion providers will prevent at least one or some abortions from occurring. The fact that the number of medical doctors willing to perform abortions continues to decline makes the causal connection stronger. One doctor may provide services

for many clinics in several states: injuring or interfering with such a doctor could effectively eliminate services for a large number of patients for a period of weeks or months. Therefore, for purposes of the necessity defense analysis, a causal connection may exist here that is lacking in the case of nuclear protestors.

■ Even if it appears that a causal connection exists between the defendant's action and the intended result, there must be "a reasonable belief on the part of the defendant that it was necessary for him to act to protect his life or health, or the life or health of others, from a *direct and immediate peril.*" *United States v. Kroncke,* 459 F.2d 697, 701 (8th Cir.1972) (emphasis added). The apparent intent of abortion protestors is to stop the providing of abortions at clinics. To many persons opposed to abortion, an abortion represents the intentional taking of a human life, and preventing an abortion is thus seen by them as equivalent to preventing a murder. Under such reasoning, a defendant in Hill's position could potentially produce evidence that abortions were about to be performed by an abortion provider, and that injuring or interfering with the provider would avert the imminent peril of the abortion being performed. Such a situation may be distinguished from the anti-nuclear cases, in which the defendant protestors could present no evidence of any imminent peril.

The government's main argument concerns the fourth element of the necessity defense, which requires that the defendant have no reasonable, legal alternative to committing the criminal act. The government contends that Hill had reasonable legal alternatives to injuring or interfering with an abortion provider. Although the Eleventh Circuit has not had an occasion to deal with this point, two other circuits, in the context of considering the necessity defense, have examined the issue of whether abortion protesters have "legal alternatives" to violating the law. The Ninth Circuit Court of Appeals concluded that protestors have legal alternatives to pursue their goals, such as marching, distributing literature, and other activities. *Zal v. Steppe,* 968 F.2d 924, 929 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 656, 121 L.Ed.2d 582 (1992). The court inherently affirmed a state court judge's *in limine* exclusion of the necessity defense by affirming, in a federal *habeas corpus* proceeding, the state judge's contempt citation of the attorney representing the protestor defendants. The same result was reached in *Northeast Women's Center, Inc. v. McMonagle,* 868 F.2d 1342, 1349–51 (3rd Cir.1989); *cert. denied,* 493 U.S. 901, 110 S.Ct. 261, 107 L.Ed.2d 210 (1989), a civil case involving both federal and state law claims. In *McMonagle,* the court concluded that the protestors failed to meet all four of the necessity defense elements, but particularly the fourth element involving alternative legal means. Several state courts have reached the same conclusion. *Bird v. Municipality of Anchorage,* 787 P.2d 119 (Alas.Ct.App.1990); *Gaetano v. United States,* 406 A.2d 1291 (D.C.1979); *People v. Stiso,* 93 Ill.App.3d 101, 48 Ill.Dec. 687, 416 N.E.2d 1209 (1981); *Sigma Reproductive Health Center v. Maryland,* 297 Md. 660, 467 A.2d 483 (Ct.App.1983); *Buckley v. City of Falls Church,* 7 Va.App. 32, 371 S.E.2d 827 (1988).

■ As these cases uniformly point out, many alternative ways exist to protest the performing of abortions. But a lurking question may remain as to whether such legal alternatives are viable alternatives to the perceived imminent harm. Thus, while protests and attempts to mobilize public opinion are means of opposition to abortion, it is possible to have doubts about whether these are legal alternative means of changing either the Constitution or the Supreme Court's landmark interpretation of the Constitution. If the identified alternatives are illusionary, then there may well be no legal alternative. A defendant, in demonstrating that he had no reasonable legal alternative, must "show that he had actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefit of the alternative." *United States v. Gant,* 691 F.2d 1159, 1164 (5th Cir.1982). In the case of abortion, the efficacy of legal alternatives could arguably be questioned as to the likelihood of their success. As a general proposition, evidence that a defendant exhausted all available legal al-

ternatives, and that such alternatives as a class had been futile over a long period, might be sufficient to allow a defendant to present his necessity defense to the jury. However, in this case there has been no attempt by the defendant to proffer any such evidence, or any evidence at all in support of the necessity defense. In the absence of any evidence, there obviously is no basis at all for allowing the defendant to present a necessity defense.

## II. *CONCLUSION*

■ A criminal defendant should only be prevented from presenting a defense when it is clear that the defendant is unable to present facts to support that defense at trial. Under the law of this circuit, defendants are entitled to present a defense even though the evidence they will present at trial is "weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Opdahl,* 930 F.2d 1530, 1535 (11th Cir.1991). The defendant has not presented or proffered any facts to support a necessity defense. Therefore, on the record as it now exists, the government's motion must be granted.

However, I point out that the defendant, contrary to the government's assertion, is not precluded as a matter of law from attempting to present a necessity defense. If, prior to trial, the defendant is able to produce or proffer sufficient evidence to support the four elements of the necessity defense, the government's motion will have to be reconsidered.

For these reasons, the government's motion *in limine* is GRANTED.

DONE AND ORDERED.