COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


TROY DYON TARPLEY

MEMORANDUM OPINION[*] BY
v.    Record No. 2890-98-3        JUDGE ROBERT P. FRANK
                                   APRIL 25, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

S. Jane Chittom, Appellate Counsel (Elwood
Earl Sanders, Jr., Appellate Defender; Public
Defender Commission, on briefs), for
appellant.

Leah A. Darron, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Troy Dyon Tarpley (appellant) appeals his conviction for

grand larceny after a bench trial on December 9, 1998.  On appeal,

he contends that the evidence was insufficient to support the

conviction.  We disagree and affirm the judgment of the trial

court.

I.  BACKGROUND

Appellant was a passenger in a car driven and owned by

William Bruce.  There were two other passengers in the car, Mike

and Jose.  Bruce drove the car to an area known as Koehler Hill in

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the Rivermont Apartment complex. Appellant and Mike exited the car. There was a group of ten to fifteen people assembled in the area. An unknown member of the group approached Bruce's car, reached into the car, and was "fussing" with Jose. Bruce exited the car to try to move the group away from the vehicle. Bruce was attacked and knocked unconscious. Robert Smith, a resident of Rivermont Apartments, witnessed the fight and testified that appellant was involved in the fight in which Bruce was attacked. After Bruce was attacked, Jose attempted to drive Bruce's car away from the crowd and appellant was a passenger in the car. Jose drove the car onto a curb, and then appellant took over as the driver of the vehicle. Appellant drove the car away from the scene of the fight, turned around, and drove the car at a high rate of speed towards the exit to the apartment complex. Appellant testified that he took the car because he was afraid and he wanted to get help. Appellant did not stop at his own apartment, his mother's apartment, or any other residents' apartments to seek help. Appellant crashed into some trees as he exited the complex.

## II. ANALYSIS

Appellant challenges the sufficiency of the evidence to support his conviction of grand larceny. We find the evidence sufficient and affirm the judgment of the trial court.

"When an appeal challenges the sufficiency of the evidence, the evidence is viewed in the light most favorable to the

-

Commonwealth, granting to it all reasonable inferences deducible therefrom. A judgment will not be disturbed unless plainly wrong or unsupported by the evidence." Ford v. Commonwealth, 28 Va. App. 249, 259, 503 S.E.2d 803, 807 (1998) (citations omitted).

> "[L]arceny is the taking and carrying away of the goods and chattels of another with intent to deprive the owner of the possession thereof permanently." Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977). Under Code § 18.2-95, grand larceny includes "larceny not from the person of another of goods and chattels of the value of $200 or more."

Winston v. Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998).

> In determining intent [in a larceny case], "the factfinder may consider the conduct of the person involved and all the circumstances revealed by the evidence." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987). Indeed, "[t]he specific intent in the person's mind may, and often must, be inferred from that person's conduct and statements." Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992) (citing Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974)).

Welch v. Commonwealth, 15 Va. App. 518, 524, 425 S.E.2d 101, 105-06 (1992).

In this case, there was credible evidence that appellant was involved in the fight in which Bruce was knocked unconscious. Once Bruce was unconscious, appellant drove Bruce's car away from the scene at a high rate of speed. Appellant did not stop at any of the apartments to attempt to get help. Instead, he drove for

-

the exit to the apartment complex.  Such evidence is sufficient to show intent to permanently deprive Bruce of his vehicle.

Appellant asserts on brief that he took Bruce's car out of necessity.  In order to prove necessity, the defendant must show: "(1) a reasonable belief that the action was necessary to avoid an imminent threatened harm; (2) a lack of other adequate means to avoid the threatened harm; and (3) a direct causal relationship that may be reasonably anticipated between the action taken and the avoidance of the harm."  Buckley v. City of Falls Church, 7 Va. App. 32, 33, 371 S.E.2d 827, 827-28 (1988).

In this case, appellant presented evidence to the trial court that he took Bruce's car because he was frightened and wanted to escape from the group on Koehler Hill.  The trial judge rejected appellant's evidence and convicted him.  On appeal, we will not disturb the trial court's determination of the evidence.

For these reasons, we find the evidence sufficient to support appellant's conviction for grand larceny and, therefore, affirm the judgment of the trial court.

Affirmed.