Burnest GRIFFIN, Jr., Mitchell D. Snyder, Mary Ellen Hombs, Harold M. Moss, Donna M. A. McDonald, David Stein, James O. Sullivan, and Fleming Rice, Jr., Appellants,

v.

UNITED STATES, Appellee.

Nos. 80–1074, 80–1408, 80–1409, 80–1411, 80–1413 to 80–1416.

District of Columbia Court of Appeals.

Argued May 6, 1982.

Decided July 2, 1982.

Bradley S. Stetler, Washington, D. C., for appellants Stein and McDonald.

Marya C. Young, Law Student, with whom was Lois Yankowski, Washington, D. C., for appellants Snyder, Hombs and Moss, Michael Zeldin, Washington, D. C., for appellant Sullivan, and Jerry Fisher, Washington, D. C., for appellant Rice, were on the consolidated briefs, for all appellants.

William J. Mertens, Public Defender Service, Washington, D. C., on behalf of appellant Griffin, adopted appellants' consolidated briefs.

Regina C. McGranery, Asst. U. S. Atty., Washington, D. C., with whom Stanley S. Harris, U. S. Atty., John A. Terry, John R. Fisher, and Jerry S. Goren, U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and BELSON, Associate Judges.

KELLY, Associate Judge:

Each of the appellants was tried on stipulated facts and found guilty of unlawful entry. D.C.Code 1973, § 22–3102. It is alleged on appeal that the motions judge erred in refusing to permit appellants to present their defense of necessity to the jury, and that his denial of appellants' motion for advisory counsel violated their Sixth Amendment rights, or alternatively, was an abuse of his discretion. Finding no error, we affirm.

I

On February 9, 1980, appellants Griffin, Snyder, McDonald and Rice, with others, entered St. Matthew's Cathedral, while appellants Hombs, Moss, Stein and Sullivan, with others, entered Washington Cathedral. All entered for the express purpose of opening the doors of these buildings to homeless persons living in Washington, D. C., to provide them with shelter for the night. Appellants were warned by persons lawfully in charge that they were not permitted to remain in the cathedrals. Upon refusing to leave, each appellant was arrested and charged with unlawful entry.

Appellants at no time disputed the factual allegations that their conduct might constitute unlawful entry under the D.C. statute. The St. Matthew's codefendants were joined for purposes of pretrial proceedings with the Washington Cathedral codefendants. On April 30, 1980, each of the appellants filed a consolidated "Motion in Limine for an Order Permitting Defendants to Present Evidence in Support of Their Defense of Necessity." The motion detailed the basis for their belief that necessitous circumstances compelled their entry into the cathedrals on the night of their arrests. After hearing argument on May 28, 1980, the court denied the motion and ruled that no evidence could be presented in support of the necessity defense.

Certain of the defendants, including appellants Snyder, Hombs and Ross, indicated their desire to proceed *pro se*. They also requested that the court allow the entry of the appearance of advisory counsel. They submitted a written motion on April 2, 1980, urging the court to appoint attorney-advisors or to permit *pro bono* attorney-advisors to accompany them into the well of the courtroom and assist them as needed.

The court denied the motion for advisory counsel for the *pro se* defendants, stating its view that the law does not "recognize attorney-advisor situations under the Constitution." The court told appellants its belief that the Constitution's recognition of only the rights to counsel and to represent one's self required that they "choose between those two rights and not a hybrid." It ruled that in no event would an attorney-advisor be permitted to sit within the well of the courtroom with those defendants who desired to proceed *pro se*, but that any appellant was free to have an attorney-advisor present in the courtroom.

On September 9, 1980, appellants were tried on stipulated facts and found guilty of unlawful entry. Appeal was timely noted by each appellant.

II

Appellants assert that the motions judge erred in refusing to permit them to present their necessity defense, contending that their motion in limine proffered facts sufficient to permit them the opportunity to present their defense of necessity to the jury.

In essence, the necessity defense exonerates persons who commit a crime under the "pressure of circumstances," if the harm that would have resulted from compliance with the law would have significantly exceeded the harm actually resulting from the defendants' breach of the law. *State v. Marley*, 54 Haw. 450, 471–72, 509 P.2d 1095, 1109 (1973). *See also United States v. Lewis*, 628 F.2d 1276 (10th Cir. 1980), *cert. denied*, 450 U.S. 924, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981); *United States v. Micklus*, 581 F.2d 612 (7th Cir. 1978); *State v. Dorsey*, 118 N.H. 844, 395 A.2d 855 (1978);

*United States v. Randall*, 104 Wash.D.L. Rep. 2249 (Dec. 28, 1976); LA FAVE & SCOTT, CRIMINAL LAW § 50 (1972). The defense is not available where: (1) there is a legal alternative available to the defendants that does not involve violation of the law, *United States v. Bailey*, 444 U.S. 394, 410, 100 S.Ct. 624, 634, 62 L.Ed.2d 575 (1980); LA FAVE & SCOTT, *supra* at 387; (2) the harm to be prevented is neither imminent, nor would be directly affected by the defendants' actions, *State v. Marley, supra*, 54 Haw. at 472, 509 P.2d at 1109; and (3) the defendants' actions were not reasonably designed to actually prevent the threatened greater harm. *Id.*

After considering appellants' extensive motion and hearing argument, the court concluded that appellants had failed to proffer evidence sufficient to establish the elements of the defense because: (1) their proffer did not set forth any evidence concerning a specific, immediate, identifiable harm, reasonably perceived to be avoided by appellants' action; and (2) there was no proffer that evidence could be presented that shelter house space was not available in Washington, D. C. that night.

 As the Supreme Court stated, "[I]f there was a reasonable legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the [necessity] defens[e] will fail." *United States v. Bailey, supra*, 444 U.S. at 410, 100 S.Ct. at 634 quoting LA FAVE & SCOTT, *supra* at 379). Here, appellants failed to proffer any evidence that would have established that on February 9, 1980, the appellants had exhausted all other legal alternatives, such as other churches, civic buildings and private residences. While appellants' motion recounted their extensive and continuing efforts to provide shelter for the city's homeless, it provided no evidence which would have established that, on the night in question, appellants, after having checked out all other shelters, had no other choice but to open up the two

cathedrals. Indeed, in the section of their motion in limine detailing why they occupied the cathedrals, appellants stated:

On February 9, 1980, defendants went to Saint Matthew's and Washington Cathedrals in a calculated but desperate attempt to open up these churches for the many homeless who either were turned away from overcrowded city and private shelters or who refused to submit to arbitrary, jail-like regimen of the city shelters. In short, defendants' acts were undertaken to avoid a significant social evil, that is, the ill effects of involuntary life on the streets of this city in the depth of winter.

Appellants' motion makes clear that their actions were designed to focus attention on the plight of the homeless; they were not undertaken as a last resort, after all else had been attempted, to avoid an immediate harm. Therefore, their motion was properly denied.

### III

Next, it is argued that the motions judge's denial of the *pro se* appellants' motion for advisory counsel violated their Sixth Amendment rights.[1] Essentially, they ask this court to hold that a *pro se* defendant has a constitutional right to an attorney-advisor. Alternatively, they argue that, even if there is no constitutional right to advisory counsel, the motions judge abused his discretion in denying the request for advisory counsel.

 The right to the effective assistance of counsel is found in the Sixth Amendment, *see Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and the Supreme Court has recognized a defendant's right to self-representation. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, these two rights are disjunctive. A criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel. *United States v. Hal-*

---

1. Since appellants Stein and Sullivan were represented by counsel, they cannot join in this argument.

*bert*, 640 F.2d 1000, 1009 (9th Cir. 1981) (and cases cited therein). We decline appellants' invitation to find a new constitutional right to both self-representation and an attorney-advisor. Whether to allow this so-called "hybrid" representation remains within the sound discretion of the trial judge. *Id.; United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *United States v. Wilson*, 556 F.2d 1177, 1178 (4th Cir.), *cert. denied*, 434 U.S. 986, 98 S.Ct. 614, 54 L.Ed.2d 481 (1977). *See United States v. Hill*, 526 F.2d 1019, 1024–25 (10th Cir. 1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976).

■ There was no abuse of discretion here. The court's ruling only prevented advisory counsel from sitting with the *pro se* appellants at counsel table. The court explicitly stated, "Anyone is free to have an 'attorney advisor' in the courtroom but not in the well of the Court if they are choosing to represent themselves." Appellants were in no way prejudiced by the ruling since they were free to consult with attorney-advisors, albeit not in the well of the courtroom. Moreover, given that this case was tried on stipulated facts, we fail to see what difference attorney-advisors present at counsel table would have made in the course or conduct of the trial.

*Affirmed.*