In re William **PATKUS**, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 94–BG–779.

District of Columbia Court of Appeals.

Submitted Jan. 31, 1995.

Decided Feb. 23, 1995.

Before FARRELL, KING, and RUIZ, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility has recommended that respondent be disbarred for having (*inter alia*) intentionally misappropriated $9,600 from the estate of a minor whom respondent was appointed to

represent as guardian. DR 9–103(A).[1] Bar Counsel agrees with the recommendation, and respondent has filed no opposition to the Board's recommendation. We accept the Board's finding of misappropriation, D.C. Bar Rule XI, § 9(g), and agree with the Board that respondent's conduct mandates his disbarment under *In re Addams,* 579 A.2d 190 (D.C.1990) (en banc). Like the Board, we conclude that it is unnecessary to decide in this case whether post-traumatic stress disorder (PTSD) can ever create the basis for mitigation of sanction under the test of *In re Kersey,* 520 A.2d 321 (D.C.1987), because respondent failed to demonstrate (a) that he suffered from PTSD and (b), assum- ing he suffered from PTSD, that the condition substantially caused his misconduct or that he has been rehabilitated. *Kersey,* 520 A.2d at 326–27.[2]

Accordingly, it is ORDERED that respondent, William Patkus, shall be disbarred from the practice of law in the District of Columbia, effective thirty days from the date of this opinion.

---

1. Respondent's conduct in question took place prior to the effective date of the Rules of Professional Responsibility, which was January 1, 1991. The charges against him were therefore brought under the former Code of Professional Responsibility.

2. The Board likewise rejected, as do we, respondent's invocation of the "necessity defense" to excuse his misappropriation of the estate funds. *See Griffin v. United States,* 447 A.2d 776, 778 (D.C.1982), *cert. denied,* 461 U.S. 907, 103 S.Ct. 1879, 76 L.Ed.2d 810 (1983). Like the Board and the Hearing Committee, we have no doubt that respondent sincerely believed that the purchase of the house for which he lacked the necessary funds could prove important to the mental health of his daughter. But like the Board as well, we cannot conclude that misappropriation of client funds was a permissible means by which to pursue that end.