**In re Arthur J. LOBBE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–15.**

District of Columbia Court of Appeals.

Submitted Nov. 10, 1994.

Decided June 29, 1995.

Before FERREN and FARRELL, Associate Judges, and PRYOR,* Senior Judge.

PER CURIAM:

Before us in a reciprocal discipline proceeding is a report of the Board on Professional Responsibility recommending that respondent Arthur J. Lobbe of Bayonne, New Jersey, who had been disbarred in New Jersey for misappropriating the funds of a client—*see In re Lobbe*, 539 A.2d 729, 110 N.J. 59 (1988)—also be disbarred from the practice of law in this jurisdiction. He had previously been suspended here by our order dated January 22, 1993, based upon the final decision of the Supreme Court of New Jersey. We agree with the recommendation.

In its opinion, that court noted that respondent, in an effort to persuade it to impose a less severe sanction than disbarment, introduced uncontroverted evidence that over the years he had become a "compulsive gambler"—a disorder recognized as a mental illness by the American Psychiatric Association—which led him to place daily bets on the outcome of horse races and other sports events, and caused him not only to neglect his legal profession, but also to disregard his fiduciary obligations to clients when he needed betting money. The court accepted this testimony as true, expressed sympathy with the accused lawyer, but refused to accept his disorder as a mitigating factor because it did

---

* At the time this case was submitted, the late Judge Reilly was a member of the panel. Upon the death of Judge Reilly, Judge Pryor was selected to replace him.

not deprive him of volition, *i.e.,* capacity to refrain from obvious illegal conduct.

This matter was referred by us to our Board to determine whether or not identical reciprocal discipline should be imposed. The Board asked respondent and Bar counsel to submit briefs.

Respondent's counsel argued that the Board should not adopt the order of the New Jersey court on the ground that decisions of our court had established a different set of standards in this jurisdiction for similar misconduct. He cited as an example *In re Kersey,* 520 A.2d 321 (D.C.1987), where alcoholism was recognized as a mitigating factor; and more importantly, *In re Shorter,* 570 A.2d 760 (D.C.1990), where an irresistible mania for gambling was also raised as an objection to disbarment.

In *Shorter,* we concluded that respondent had failed to demonstrate a causal link between his compulsive gambling and the misconduct—evasion of Federal taxes resulting in a felony conviction.[1] Hence, we agree with the Board that reciprocal discipline is warranted in the case before us. *See In re Patkus,* 654 A.2d 1291 (D.C.1995).

Accordingly, it is

ORDERED that respondent Arthur J. Lobbe be disbarred from the practice of law in the District of Columbia, effective thirty days from the date of this opinion.

---

1. In his answering brief, Bar Counsel argued that contrary to respondent's contention, the *Shorter* case did not establish as a matter of law that a compulsive gambling disorder is a mitigating factor. He did, however, indicate that in *Shorter* we had left open the question of whether in some situations compulsive gambling might be considered a mitigating factor. He therefore suggested that respondent Lobbe be given an opportunity to appear before a hearing committee and present evidence. Accepting this suggestion, the Board, in the report accompanying its recommended order of disbarment, did give respondent fifteen days to file a request for such a hearing. The designated hearing committee subsequently advised the Board that respondent failed to avail himself of this invitation. Thereupon the Board reissued its earlier dated report.