In re William D. PATKUS, Petitioner.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 03–BG–802.

District of Columbia Court of Appeals.

Submitted Jan. 27, 2004.

Decided Feb. 12, 2004.

Before WAGER, Chief Judge, REID and GLICKMAN, Associate Judges.

PER CURIAM:

■ Petitioner, William D. Patkus, an attorney disbarred by this court in 1995, applied for reinstatement as a member of the District of Columbia Bar. *See* D.C. Bar R. XI, § 16 (2003). The Board on Professional Responsibility (the Board), agreeing

with a Hearing Committee of the Board, recommends denial of the petition because petitioner failed to meet his burden of showing that the petition should be granted. While the Board's recommendation is entitled to great weight, the ultimate decision of whether an attorney should be reinstated rests with the court. *In re Borders*, 665 A.2d 1381, 1382 (D.C.1995) (citing *In re Roundtree*, 503 A.2d 1215, 1217 (D.C.1985) and *In re Stanton*, 532 A.2d 95, 97 (D.C.1987)). Neither the petitioner nor Bar Counsel filed objections or exceptions to the Board's report in this court. "[I]n such circumstances our review of the Board's recommendation is 'especially deferential.'" *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997) (citations omitted). Having reviewed the matter against that deferential standard, we deny the petition for reinstatement.

■ Petitioner was disbarred for the intentional misappropriation of the funds of a minor child for whom he was serving as guardian. *See In re Patkus*, 654 A.2d 1291 (D.C.1995).[1] To gain readmission, petitioner must establish by clear and convincing evidence that: (1) he has the "moral qualifications, competency, and learning in law required for readmission;" and (2) his resumption of the practice of law "will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest." D.C. Bar R. XI § 16(d)(2003). In reinstatement cases, these factors are evaluated by considering:

(1) the nature and circumstances of the misconduct for which the attorney was disciplined; (2) whether the attorney recognizes the seriousness of the misconduct; (3) the attorney's conduct since discipline was imposed, including the

steps taken to remedy past wrongs and prevent future ones; (4) the attorney's present character; and (5) the attorney's present qualifications and competence to practice law.

*Roundtree, supra*, 503 A.2d at 1217.

■ The Board and the Hearing Committee considered these factors in reaching the conclusion that petitioner failed to meet his burden of showing that the petition for reinstatement should be granted. As the Board concluded, the misconduct for which petitioner was disciplined was serious, involving intentional misappropriation tied to his responsibilities as an attorney. Such circumstances heighten the scrutiny given to the remaining factors. *Borders, supra*, 665 A.2d at 1382. The Board also accepted the Hearing Committee's finding that petitioner recognized the seriousness of his misconduct and had promptly made restitution. However, the remaining factors were weighed against petitioner.

■ The Board concluded that petitioner's conduct since disbarment cast doubt on his ability to prevent future similar problems. Its conclusion was based in part on evidence that in the years since disbarment, petitioner's bank accounts were overdrawn frequently, and he had outstanding judgments against him. Since the misconduct for which petitioner was disbarred was prompted by his precarious financial situation, the Board concluded that the persistence of this condition in the years subsequent to his disbarment is cause for concern about his ability to remedy past wrongs and prevent future ones. *See Roundtree, supra*, 503 A.2d at 1217 (in considering reinstatement, the court places primary emphasis on factors most relevant

---

[1] Since the misconduct took place before the effective date of the Rules of Professional Responsibility, the charges were brought under the former Code of Professional Responsibility. *Patkus, supra*, 654 A.2d at 1292 n. 1.

**1270**

to the ground for which the attorney was disbarred); *see also In re Robinson,* 705 A.2d 687, 689 (D.C.1998) ("[A]n attorney disbarred for dishonest misappropriation must pay scrupulous attention to his financial obligations during the five-year period before he is eligible for and seeks reinstatement."). The record supports the Board's conclusion that petitioner had done little to rectify the circumstances which led to his disbarment, and this factor weighs heavily against him.

There are two other principal factors bearing on the petitioner's present character, supported by the record, which the Board weighed against him. The first is that petitioner, who permissibly represented a client in an administrative proceeding while disbarred, presented a representation agreement in an effort to collect a fee, which expert testimony showed contained the forged signature of his client. Second, without adequate explanation, the petitioner failed to disclose on his reinstatement questionnaire one of the judgments against him and one of his bank accounts. We have held that evasiveness on the reinstatement questionnaire negatively reflects on present character to resume practice. *Robinson, supra,* 705 A.2d at 689–90.

The Board also weighed against petitioner the final *Roundtree* factor, his present qualifications to practice law, because he had not taken any CLE courses sponsored by the D.C. Bar since 1995, and he did not establish any link between the graduate courses he claimed to have taken and the law. While petitioner had handled eight administrative matters which did not require representation by a licensed attorney, the Board was not persuaded that this work was tantamount to performing the type of work required by legal representa-

tion.[2] We find no basis to disturb the Board's finding and conclusion in that regard.

Having considered the Board's unchallenged report and recommendation and the record herein, according the deference required under such circumstances, we conclude that petitioner has failed to establish by clear and convincing evidence his fitness to resume the practice of law. Therefore, the petition for reinstatement hereby is denied.

*So ordered.*

---

**2.** Petitioner offered the testimony of one attorney and two former clients who commented on his legal skills, however, the Board found the testimony to be developed insufficiently to demonstrate his present competence to practice law.