THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALD T. SMITH, Defendant-Appellant.

Third District   No. 3—91—0952

Opinion filed November 18, 1992.—Rehearing denied January 7, 1993.

Harry M. Williams, of Peoria (Daniel J. Smith, of counsel), for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and J. Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

At the conclusion of a jury trial, the defendant, Gerald Smith, was found guilty of criminal trespass to real property (Ill. Rev. Stat. 1989, ch. 38, par. 21—3(a)) and sentenced to 20 days in the Peoria County jail. We affirm.

The record shows the defendant has been an active protester against abortion for a number of years. On November 14, 1990, the defendant entered the waiting room of National Health Care Services of Peoria, Inc. (hereinafter National Health). National Health is located in the Pioneer Square Shopping Center in Peoria. First trimester abortions and counseling are performed at the facility. Margaret VanDuyn, the director of National Health, testified that she had told the defendant on a number of occasions that he was not to come on the premises.

On the morning of November 14, 1990, VanDuyn was working at National Health, when an employee informed her that the defendant was in the waiting room. She testified she went immediately to the waiting room and asked the defendant to leave. He was talking to two people who were seated in the waiting room. He did not respond and she again asked him to leave. She then called to her secretary to

call the police. VanDuyn retrieved a video camera in an attempt to record the incident. Believing that the video camera was not working properly, she lowered the camera to her side and went to the phone to notify the police that the defendant was in the waiting room. She testified that while she was on the phone the defendant left the premises.

A National Health employee, Marylynn Houlihan, testified she saw the defendant in the waiting room on November 14, 1990. At the time, she was in the receptionist's office adjacent to the waiting room. From that vantage point she could hear little of what was said in the waiting room. She did see the defendant squatting near two people. Houlihan testified VanDuyn told the defendant to leave a number of times and that she observed him slowly rise and move toward the door. Houlihan also testified to witnessing on other occasions Van-Duyn telling the defendant to stay off the premises.

Paul Still, a third witness, testified he was present in the waiting room when the defendant entered. He witnessed the confrontation between VanDuyn and the defendant. He testified VanDuyn told the defendant to leave three times and that the defendant did so after making statements to those present.

The record also shows the property was marked with no trespassing/"patients and invitees only" signs. The jury found the defendant guilty of criminal trespass.

On appeal, the defendant alleges the trial court erred in quashing a pretrial subpoena *duces tecum* and in limiting the scope of cross-examination of Paul Still, and that as a result he was denied a fair trial and due process. The defendant's contention is based on his assertion that the State was allowed to elicit evidence of another uncharged crime through the testimony of the witnesses. He argues he therefore had a sixth amendment right to "compulsory process for obtaining witnesses in his favor" to refute the factual allegations of the uncharged crime.

We note the record reflects that a civil trespass action was also brought by National Health against the defendant. This action was apparently making its way through the circuit court at about the same time as this criminal proceeding. It is also apparent that counsel for the defendant either had some difficulty distinguishing these separate actions, or was attempting to use the civil and criminal proceedings as a tool for discovery in both actions. A number of motions and memoranda filed in the instant case had originally been filed and arose out of the civil action.

In any event, in early June of 1991, the defendant served a subpoena *duces tecum* on National Health. The People were not made aware of this action until some time later when the State's Attorney was notified by National Health. National Health filed a motion to quash the subpoena on June 14, 1991. A copy of the subpoena was filed in the instant case on July 25, 1991. The subpoena requested in pertinent part, "All documents showing the names, addresses and all phone numbers of all persons present on the premises of National Health Care Services of Peoria during the morning of November 14, 1990."

Following the submission of extensive memoranda and lengthy oral argument the trial court granted National Health's motion to quash. The court found the request was too general and that the defendant had failed to demonstrate the relevancy and probative value of the requested material in light of the alleged offense. The court also found that the defendant had failed to show he exhausted reasonable alternatives in procuring the sought after information.

The record reflects the defendant was continuously attempting to elicit information on all persons present at National Health on the morning of November 14, 1990, through various motions and objections. On cross-examination of Paul Still, the defendant asked Still who was with him in the waiting room. The trial court sustained the State's Attorney's objection finding the information sought to be irrelevant and immaterial.

Initially, we note discovery in misdemeanor cases is relatively limited. The defendant in the instant case was charged with a Class C misdemeanor. Supreme Court Rules 411 through 415 govern discovery in criminal cases. (See 134 Ill. 2d Rules 411 through 415.) Rule 411 states in pertinent part, "These rules shall be applied in all criminal cases wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary." (134 Ill. 2d R. 411.) (The subpoena in the instant case alleged it was issued pursuant to the supreme court rules, with no citation to a specific rule.) The supreme court has stated that at the time the rules were adopted, the court believed discovery in "lesser offenses" was adequately provided for by case law and statute. (*People v. Schmidt* (1974), 56 Ill. 2d 572, 309 N.E.2d 557.) We need not address the propriety of this subpoena under these circumstances in that we agree with the trial court's determination that the defendant failed to satisfy the criteria for issuance of a pretrial subpoena *duces tecum*.

■ Generally, there is no constitutional right to pretrial discovery. (*People v. Williams* (1981), 87 Ill. 2d 161, 429 N.E.2d 487.) In *United*

*States v. Nixon* (1974), 418 U.S. 683, 41 L. Ed. 2d 1039, 94 S. Ct. 3090, the Supreme Court of the United States set out a four-part test for determining whether the issuance of pretrial subpoenas is required by the sixth amendment. This test has been adopted by Illinois courts. Under the test, a party must show that (1) the material sought is evidentiary and relevant; (2) the material sought is not otherwise reasonably procurable by the exercise of due diligence in advance of trial; (3) the moving party cannot properly prepare for trial without such production and the failure to obtain the materials sought may tend to unreasonably delay the trial; and (4) the application is made in good faith and is not intended as a general fishing expedition. *People v. West* (1981), 102 Ill. App. 3d 50, 429 N.E.2d 599.

■ The defendant was charged with criminal trespass to real property in that he entered onto the premises of National Health after being told not to come on the property. The information sought in the subpoena was immaterial and irrelevant to the crime charged. We find the request was too general in scope. The subpoena sought the identities of all those present on the premises on the morning of November 14, 1990. The subpoena was not specific as to time period and appears to have been an attempt to obtain patients' medical records. In addition, the defendant presented no evidence that he had exhausted other reasonable means to obtain evidence in his defense. The State had given the defendant a list of a number of persons it might call as witnesses. In sum, the trial court correctly found that the defendant had failed to satisfy the four-part test for issuance of the subpoena *duces tecum*.

The defendant contends the additional witnesses were necessary to impeach the testimony of the witnesses called by the State. This assertion is related to the defendant's contention that the witnesses presented by the State were allowed to testify to a crime with which the defendant was not charged. In particular, the defendant argues the trial court erred in limiting the cross-examination of Paul Still.

The defendant maintains section 21—3(a) sets forth two separate crimes of trespass to real property. Section 21—3(a) states, "Whoever enters upon the land or a building, other than a residence, or any part thereof of another, after receiving, prior to such entry, notice from the owner or occupant that such entry is forbidden, or remains upon the land or in a building, other than a residence, of another after receiving notice from the owner or occupant to depart, commits a Class C misdemeanor." Ill. Rev. Stat. 1989, ch. 38, par. 21—3(a).

The defendant argues the information only charged him with entering the premises after having notice that such entry was forbidden

and that by presenting evidence that the defendant refused to leave after being told to leave the State was allowed to present evidence of an uncharged second crime. Therefore, to rebut the testimony of the witnesses regarding this uncharged crime, the defendant asserts he had the right to know the identity of all persons present on the morning of November 14, 1990.

■ We find no merit to the defendant's claims that the State was allowed to present evidence of a "second crime," which prejudiced the jury and denied him a fair trial. The testimony of the witnesses, at most, can be viewed as surplus narrative of events surrounding the defendant's entry onto the premises. It was not presented as evidence of an additional crime. As stated below, the jury was properly instructed on the elements of the offense. We find the defendant was not prejudiced by this testimony.

■ Therefore, the trial court correctly limited the scope of the defendant's cross-examination of Paul Still. This decision was within the discretion of the trial court (*People v. Franklin* (1990), 135 Ill. 2d 78, 552 N.E.2d 743), and it did not abuse its discretion in disallowing the defendant's attempt to obtain information which the trial court had on a number of earlier occasions found to be irrelevant and immaterial.

The defendant contends the trial court erroneously limited evidence, argument and instructions on a defense of invitation.

Initially, we note the defendant presented no direct evidence that he was invited by anyone onto the premises of National Health on November 14, 1990. In particular, there was no evidence of an invitation prior to his entry onto the premises.

The defendant argues in his brief that the State failed to present evidence that the defendant was not invited in by the couple he was talking to in the waiting room. In addition, the defendant contends the trial court erroneously limited his cross-examination of VanDuyn, which he argues would show a tacit invitation by the couple.

The defendant also argues the trial court erroneously denied his proffered instructions on the invitation defense, and that the trial court and the State's Attorney improperly impaired his closing argument.

■ As the State correctly points out, lack of invitation was not part of the State's burden. It was a defense. As such the State did not have the burden of disproving the defense until the defendant presented sufficient evidence to raise the defense. (See generally *People v. Daniel* (1989), 191 Ill. App. 3d 837, 548 N.E.2d 354; *People v. Ortiz* (1978), 65 Ill. App. 3d 525, 382 N.E.2d 303.) The defendant presented

no evidence of an invitation. There was nothing for the State to disprove.

The defendant argues he could have presented evidence of an invitation through the cross-examination testimony of Margaret VanDuyn. During cross-examination, defense counsel asked VanDuyn, "And after Mr. Smith left, Ms. VanDuyn the lady that he had talked to indicated that she did not want you to cause him any trouble?" The State's Attorney objected, and the court sustained finding the question was beyond the scope of direct. Following argument the court also ruled the evidence sought to be elicited from VanDuyn was not relevant, probative or competent in the instant proceedings.

Evidentiary rulings, including the scope of cross-examination, lie within the discretion of the trial court, and absent an abuse of discretion resulting in manifest prejudice to the defendant, these determinations will not be reversed on appeal. *People v. Boclair* (1989), 129 Ill. 2d 458, 544 N.E.2d 715.

In the instant case, the trial court correctly ruled the question was beyond the scope of VanDuyn's direct testimony. There was no testimony on direct concerning conversations or events occurring after the defendant left the premises. In addition, statements made after the defendant's exit from the building were irrelevant. Therefore, the trial court did not erroneously limit the defendant's presentation regarding his alleged invitation defense. Again, the defendant presented no evidence direct or otherwise that he was invited into the National Health facility by the persons he spoke to in the waiting room or anyone else.

Therefore, given there was no evidence of an invitation, the trial court correctly denied the defendant's proffered instructions on the defense of invitation and admonished the jury to disregard misstatements of the evidence by counsel. We note most of the interruptions in defense counsel's closing argument were precipitated by his continuing reference to matters which the trial court had ruled improper. We also find no merit to the defendant's contention that the jury could reasonably infer that the people he was speaking to in the waiting room had invited him onto the premises.

Related to the defendant's invitation theory, the defendant argues the trial court erred in preventing him from commenting on the State's failure to present other witnesses. He argues this deprived defense counsel of his right to argue the State had failed to prove what the "missing witnesses" might have said about inviting the defendant into the facility. The defendant also renews his argument that the State failed to call all the persons in the waiting room, some of whom

he argues could have provided evidence of the defendant's invitation theory.

Generally, the State is not required to produce every witness to a crime, nor does failure to do so ordinarily create a presumption that the testimony of that witness would be unfavorable to the State. *People v. Jones* (1964), 30 Ill. 2d 186, 195 N.E.2d 698.

■ We find the cases relied on by the defendant to be distinguishable. There was no allegation the State was preventing the testimony of witnesses known to and available to the State. The defendant was given the list of potential witnesses. Given the defendant was charged with criminal trespass to real property and that defense counsel readily admitted at trial that the defendant entered the waiting room of National Health (the defendant did not testify), no person in that waiting room possessed any unique knowledge crucial to a disputed issue of fact. Again, the defendant presented no evidence of an invitation and no evidence from which an invitation could logically be inferred. Therefore, under the circumstances of this case, the trial court correctly denied defendant's right to comment on the State not calling all the occurrence witnesses.

The defendant next argues the trial court erred in refusing to give two non-Illinois Pattern Jury Instructions. The defendant maintains the jury was not properly instructed on the knowledge element.

Whenever Illinois Pattern Jury Instructions (IPI) contain an instruction applicable in a criminal case, giving due consideration to the facts and the governing law, and the court determines that the jury should be instructed on the subject, the IPI instruction should be used, unless the court determines that it does not accurately state the law. (134 Ill. 2d R. 451.) The decision on whether to give or refuse a non-IPI instruction rests within the trial court's discretion. *People v. Fuller* (1986), 141 Ill. App. 3d 737, 490 N.E.2d 977.

■ In the instant case, we find the jury was properly given two instructions (Illinois Pattern Jury Instructions, Criminal, Nos. 16.05, 16.06 (2d ed. 1981) (respectively, Definition of Criminal Trespass to Land and Issues in Criminal Trespass to Land—Prior Warning)) which adequately set forth the elements of trespass to real property. In addition, the jury was also given the appropriate IPI definition of "knowledge." (Illinois Pattern Jury Instructions, Criminal, No. 5.01B (3d ed. 1992).) Hence, we do not believe the trial court erred in refusing to give the non-IPI instructions tendered by the defendant.

The defendant contends the trial court erred when it precluded the presentation and instructions relating to the defense of necessity.

■ In *People v. Smith* (1987), 161 Ill. App. 3d 213, 514 N.E.2d 211, we held the necessity defense was not a permissible defense to criminal trespass in the abortion clinic setting. However, the defendant argues that subsequent United States Supreme Court decisions have "reinstated Illinois policy to prohibit abortions except when necessary to preserve the life of the mother." Therefore, he contends the necessity defense is now available.

We find the cases relied on by the defendant (*Webster v. Reproductive Health Services* (1989), 492 U.S. 490, 106 L. Ed. 2d 410, 109 S. Ct. 3040; *Planned Parenthood v. Casey* (1992), 505 U.S. ___, 120 L. Ed. 2d 674, 112 S. Ct. 2791) have not operated to change the law in Illinois in the manner asserted by the defendant. Therefore, based on this court's ruling in *Smith*, the trial court correctly determined the defense was not available in this case.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY and HAASE, JJ., concur.