THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD J. BELSAN *et al.*, Defendants-Appellants.

Second District   Nos. 2—92—0877 through 2—92—0889 cons.

Opinion filed December 14, 1993.

David G. Taylor, Jr., of Oswego, for appellants.

James E. Ryan, State's Attorney, of Wheaton (Norbert J. Goetten, William L. Browers, and William H. Hall IV, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:
On November 19, 1991, Edward Belsan and 12 other individuals were charged with the offense of criminal trespass to real property as a result of an anti-abortion protest at the Concord West Medical Center (Concord West) in Westmont, Illinois (Ill. Rev. Stat. 1991, ch. 38, par. 21—3(a) (now 720 ILCS 5/21—3(a) (West 1992))). Prior to trial, the defendants notified the State of their intent to plead

necessity as an affirmative defense. The State responded by filing a motion *in limine* to preclude the defendants from presenting any evidence offered in support of their necessity defense. The motion was granted.

The 13 defendants were joined for purposes of trial. The jury found all of the defendants guilty of criminal trespass to real property. The defendants appeal from the jury's verdicts and the court's judgments thereon. The 13 cases were consolidated for appeal. On appeal, the defendants contend that the court erred in granting the State's motion *in limine* which barred them from presenting any evidence in support of the defense of necessity. We affirm.

In granting the State's motion *in limine*, the trial court relied upon *People v. Krizka* (1980), 92 Ill. App. 3d 288, *People v. Stiso* (1981), 93 Ill. App. 3d 101, and *People v. Smith* (1987), 161 Ill. App. 3d 213. It found, as a matter of law, that necessity is not a valid defense to the criminal trespass of a facility which performs abortions. The defendants agree that the above-cited cases indicate that after *Roe v. Wade* (1973), 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705, the State of Illinois did not recognize necessity as a valid defense to the criminal trespass of an abortion clinic. The thrust of the defendants' contention on appeal is that the decisions of the United States Supreme Court in *Webster v. Reproductive Health Services* (1989), 492 U.S. 490, 106 L. Ed. 2d 410, 109 S. Ct. 3040, and *Planned Parenthood v. Casey* (1992), 505 U.S. ___, 120 L. Ed. 2d 674, 112 S. Ct. 2791, eroded the holding of *Roe v. Wade*, which did not reach the question of when life begins. The defendants contend that the holdings of *Webster* and *Casey*, coupled with the legislature's declaration that the State of Illinois recognizes the unborn fetus as a human being from the time of conception, and its pronouncement that abortion will be illegal in Illinois if *Roe v. Wade* is ever reversed or modified (see Ill. Rev. Stat. 1991, ch. 38, par. 81— 21 (now 720 ILCS 510/1 (West 1992))), illustrate that their trespass was necessary to prevent the greater evil of killing children.

After the appellants' brief had been filed in this case, this court decided *People v. Berquist* (1993), 239 Ill. App. 3d 906. The facts and the issues presented in *Berquist* were virtually identical to the facts and issues presented in this case. In *Berquist*, the defendants staged an anti-abortion protest at Concord West Medical Center and were arrested and charged with criminal trespass to real property. (*Berquist*, 239 Ill. App. 3d at 907.) The defendants notified the State of their intent to plead necessity as an affirmative defense. (*Berquist*, 239 Ill. App. 3d at 907-08.) The State responded by filing

a motion *in limine* to preclude the defendants from presenting any evidence offered in support of their affirmative defense. (*Berquist,* 239 Ill. App. 3d at 908.) The motion was granted. (*Berquist,* 239 Ill. App. 3d at 908.) On appeal, those defendants argued that the trial court erred in granting the State's motion *in limine* which barred them from presenting any evidence in support of the defense of necessity. *Berquist,* 239 Ill. App. 3d at 908.

This court in *Berquist,* after a thorough analysis of *Roe, Webster,* and *Casey,* stated:

"The Illinois Appellate Court previously held that the defense of necessity is not applicable to the criminal trespass of an abortion clinic under *Roe v. Wade.* (See *Krizka,* 92 Ill. App. 3d at 290-91; *Stiso,* 93 Ill. App. 3d at 103-04; *Smith,* 161 Ill. App. 3d at 215-17.) More recently, the Appellate Court, Third District, held that the defense remains unavailable after both *Webster* and *Casey.* (*People v. Smith* (1992), 237 Ill. App. 3d 901, 910.) Because the present law allows abortion prior to the point of viability, subject to State regulation, we find that the rationale of the courts in *Krizka, Stiso,* and *Smith* remains applicable concerning the availability of the defense of necessity to the criminal trespass of an abortion clinic. As stated in *Smith* (161 Ill. App. 3d at 215), the defense of necessity is not available to trespasses that interfere with constitutional rights. The abortions performed at Concord West were confined to the period up to 12 weeks gestation. No evidence was presented that the fetus is viable at this point. Thus, the abortions performed at Concord West were constitutionally protected. Consequently, the defense of necessity is unavailable to defendants as a matter of law. Accordingly, we find the trial court's decision to grant the State's motion *in limine,* which barred defendants from introducing evidence in support of the necessity defense, was not an abuse of discretion." *Berquist,* 239 Ill. App. 3d at 913-14.

As in *Berquist,* in this case the defendants did not allege, and we do not find, anything in the record to indicate that Concord West was performing abortions after the point of viability. As *Berquist* is controlling, and we see no reason to reconsider this issue, we find that the defense of necessity is unavailable to the defendants as a matter of law. (See *Berquist,* 239 Ill. App. 3d at 914.) Accordingly, we find the trial court's decision to grant the State's mo-

tion *in limine* was not an abuse of discretion. See *Berquist*, 239 Ill. App. 3d at 914.

The defendants also contend that the trial court violated their sixth amendment right to a trial by jury (U.S. Const., amend. VI) and the due process clause of the fourteenth amendment (U.S. Const., amend. XIV) by granting the State's motion *in limine* and precluding them from submitting the defense of necessity to the jury.

In *Berquist*, this court considered and rejected these arguments. (*Berquist*, 239 Ill. App. 3d at 915.) As *Berquist* is controlling, and we see no reason to reconsider these issues, we conclude that no denial of the right to a jury trial or of due process occurred when the trial court granted the State's motion *in limine* and excluded all evidence in support of the defense of necessity. See *Berquist*, 239 Ill. App. 3d at 915.

The defendants also contend that the State unconstitutionally avoided the burden to prove its case beyond a reasonable doubt. The defendants contend that trespass is a specific intent crime and that their subjective belief that trespass was necessary to prevent the destruction of human life is germane to the question of whether they intentionally trespassed.

In *Berquist*, this court considered and was not persuaded by this argument. (*Berquist*, 239 Ill. App. 3d at 914-15.) As *Berquist* is controlling, and we see no reason to reconsider this issue, we find that the State did not avoid its burden of proving its case beyond a reasonable doubt. See *Berquist*, 239 Ill. App. 3d at 915.

For the foregoing reasons, we affirm the judgments of the circuit court of Du Page County.

Affirmed.

McLAREN and DOYLE, JJ., concur.