THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON WASHINGTON, Defendant-Appellant.

Fourth District No. 4—00—0334

Opinion filed January 10, 2002.

Daniel D. Yuhas and Martin J. Ryan, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott Rueter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Following a bench trial, defendant, Jason Washington, was found guilty of criminal trespass to real property and sentenced to 12 months of conditional discharge. Defendant appeals his conviction, contending the trial court erred in finding him guilty beyond a reasonable doubt when the State failed to produce any evidence to disprove his affirmative defense of invitation. We reverse and remand with directions.

## I. BACKGROUND

On November 27, 1999, defendant, Jason Washington, was arrested and charged with criminal trespass to real property. 720 ILCS 5/21—3(a) (West 1998). After a March 15, 2000, bench trial, defendant was found guilty. The subject property, a two-building apartment

complex, was owned by Richard Friede. Friede was aware of a loitering problem on the premises, so he gave the police a list of tenants and authorized them to issue trespass warning notices to people found on the premises who were not listed as tenants. Friede also posted a general "no trespassing" sign on the premises.

At defendant's trial, Officer Steve Jostes testified that on October 12, 1999, he went to the apartment building concerning an unrelated matter. He saw defendant on the premises and attempted to issue him a written private property trespass warning, but defendant refused to sign it.

Richard Friede testified he was not present when defendant was arrested, had never spoken to defendant, and while he did not give defendant permission to be on the premises, he did not specifically ban him from the premises. Friede said defendant was not listed on any of the leases and, to his knowledge, defendant had no right to be there. Friede told the police "that anybody loitering on the properties was supposed to be told to leave; and if they didn't or they had recurring problems with us, then take additional action." Friede also acknowledged, however, his tenants were allowed to have visitors, and the "no trespassing" sign did not apply to relatives of tenants "as long as they were there with the tenant." Finally, Friede testified Darlene Matthews was a tenant at the apartment complex.

Officer Chris Hale testified that on November 27, 1999, he went to the subject property, where in addition to the defendant, he saw Kioshe McGowan and several other people standing on the front porch. Everyone except McGowan scattered when they saw the police car. Hale arrested McGowan, and during the arrest, defendant came back to the area. Hale then arrested defendant. Hale called dispatch, where he learned defendant received a trespass warning form for that residence about a month earlier. He did not recall whether he was told defendant had relatives living at the apartment complex. After Hale's testimony, the State entered the trespass warning form into evidence and rested.

Defendant testified Darlene Matthews, his aunt, lived in one of the buildings at the complex, and his grandmother, Emma Jean Patton or Emma Jean Matthews, lived in the other building. Defendant lived around the corner from the apartments and visited the apartment complex almost every day. Defendant admitted he talked to Officer Jostes during a traffic stop at another location but denied receiving any kind of trespass warning.

Defendant stated on November 27, 1999, he was on the porch of the apartment because Darlene's 14-year-old daughter, defendant's

cousin, called him up to the porch where they had a conversation. Defendant only knew his cousin by her nickname, "Woo." Defendant stated there were four or five others on the porch aside from himself and McGowan. When officer Hale drove up, everyone ran from the porch except for defendant and his cousin. Defendant said McGowan soon returned to the apartment and they were both arrested. When defendant was arrested, his cousin asked the police why he was going to jail. The defense then rested and the State presented no rebuttal evidence.

The trial court found Officer Jostes notified defendant he was barred from the premises. The court stated, "I think every property owner has the right to tell persons who do not otherwise have a possessory interest in the property that they cannot come upon that real property." The court then explained it was reasonable for Friede to have a policy that allowed tenants' relatives and friends to visit the premises. Regarding defendant's testimony he was visiting his cousin, the trial court stated:

> "[I]n this particular case, the only evidence presented with regard to that was that on November 27, the defendant was, in fact[,] present at 1060 North College. He claims he was visiting a cousin. There was no evidence adduced that this particular individual resides at that address. His aunt, who was apparently the cousin's mother, apparently resided there. But, there was no evidence adduced that the cousin, with whom the defendant claimed he was visiting, was a resident of 1060 North College."

The trial court found the State proved its case beyond a reasonable doubt and sentenced defendant to 12 months of conditional discharge. This appeal followed.

## II. ANALYSIS

On appeal, defendant argues the trial court erred in finding him guilty beyond a reasonable doubt because he raised the affirmative defense of invitation and the State failed to prove beyond a reasonable doubt his cousin was not a resident.

■ The criminal trespass to real property statute states "[t]his section does not apply to any person *** living on the land with permission of the owner *** nor to anyone invited by such *** person so living on such land to visit him at the place he is so living upon the land." 720 ILCS 5/21—3(c) (West 1998). Thus, invitation is an affirmative defense to criminal trespass to real property. *People v. Smith*, 237 Ill. App. 3d 901, 907, 605 N.E.2d 105, 109 (1992).

■ If an affirmative defense is raised, the State must disprove the affirmative defense beyond a reasonable doubt in addition to proving

the other elements of the offense. *People v. Pegram*, 124 Ill. 2d 166, 173, 529 N.E.2d 506, 509 (1988). A defendant must present sufficient evidence to raise an affirmative defense. *Smith*, 237 Ill. App. 3d at 907, 605 N.E.2d at 109. "Sufficient evidence" has been described as "slight" or "some" evidence to support the affirmative defense. *People v. Everette*, 141 Ill. 2d 147, 156, 565 N.E.2d 1295, 1298-99 (1990).

■ We find defendant presented more than sufficient evidence to raise the affirmative defense of invitation. Officer Hale testified he saw "several subjects" on the front porch of the apartment building. Defendant testified one of those persons was his 14-year-old cousin, who invited him to the porch and with whom he held a conversation. Defendant also testified his cousin's mother, Darlene Matthews, lived in the apartment complex. Finally, Friede admitted Matthews was a tenant. It is a reasonable inference defendant's minor cousin lived with her mother, who was a tenant in the complex.

Once defendant presented sufficient evidence to establish the affirmative defense of invitation, the burden shifted to the State to disprove the affirmative defense beyond a reasonable doubt. During closing argument, the State made reference to defendant's "uncorroborated testimony" he was talking to a cousin who lived at the apartment. However, during its case in chief, the State presented no evidence whatsoever to disprove defendant was visiting a cousin who lived on the premises as the child of Darlene Matthews. Further, the trial court erroneously placed the burden on defendant to prove his cousin was a resident at the apartment: "[t]here was no evidence adduced that this particular individual [defendant's cousin] resides at that address." The *State*, not defendant, had the burden of proving beyond a reasonable doubt the cousin was *not* a resident of the apartment complex.

We find defendant presented sufficient evidence to establish the affirmative defense of invitation. The trial court erred by placing the burden of proof on defendant, rather than on the State, to disprove his affirmative defense. Because the State presented no evidence to disprove defendant's affirmative defense, the trial court erred in finding him guilty beyond a reasonable doubt. Accordingly, we reverse and remand with directions for the trial court to vacate defendant's conviction.

We note defendant presents a second issue concerning the adequacy of the notice he received from Officer Jostes. Because we reverse defendant's conviction on other grounds, we need not address this issue.

## III. CONCLUSION

We reverse and remand with directions for the trial court to vacate defendant's conviction.

Reversed and remanded with directions.

McCULLOUGH, P.J., and STEIGMANN, J., concur.