NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 6, 2011[*]
Decided April 8, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3420

| | |
|---|---|
| FUNMI M. CURTIS-JOSEPH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 08 C 4408 |
| JOHN W. RICHARDSON, et al., | |
| *Defendants-Appellees*. | Charles R. Norgle, |
| | *Judge*. |

**O R D E R**

The district court dismissed Funmi Curtis-Joseph's lawsuit against three police officers at the University of Illinois at Chicago ("UIC") because of her failure to prosecute. *See* FED. R. CIV. P. 41(b). Curtis-Joseph appeals, but we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

UIC police officers pulled Curtis-Joseph over while she was driving with her son in August 2006. Curtis-Joseph, who was a UIC student, was charged with resisting arrest and spent a night in Cook County Jail; her son spent two nights in the custody of the Illinois Department of Children and Family Services. A jury eventually found Curtis-Joseph not guilty of resisting arrest, but she says she dropped out of school because of the stress of her trial, and because she feared seeing the officers again. She filed this suit pro se in August 2008, alleging that she had been falsely arrested and that the officers had committed police brutality. For their conduct, she sought $2 million from the university.

After retaining attorney Maria Owens as counsel, Curtis-Joseph filed an amended complaint against the university and police officers. Although the amended complaint stated that the suit was under 42 U.S.C. § 1983—for violations of the Fourth, Sixth, and Fourteenth Amendments—as well as Illinois law, it only contained claims of assault and battery, intentional infliction of emotional distress, property damage, and negligence. Upon the defendants' motion to dismiss the suit for lack of subject-matter jurisdiction and for failure to state a claim, *see* FED. R. CIV. P. 12(b)(1), (6), the district court concluded that the Eleventh Amendment barred suit against UIC and against the three police officers in their official capacities, but permitted Curtis-Joseph to go forward with her claims against the officers in their individual capacities.

During discovery Curtis-Joseph disobeyed two court orders to produce information. In June 2009, after discovery requests had been pending for three months, the district court ordered her to answer the defendants' interrogatories. But through her attorney, Owens, she only provided unsigned responses. After the defendants asked for signed responses in August, Owens withdrew as Curtis-Joseph's counsel, citing an "irreconcilable impasse as to the direction of this case." By the end of the year, Curtis-Joseph still had not furnished signed responses; she nonetheless sought leave to file a pro se amended complaint, which the district court denied in part with prejudice and in part without prejudice.

Without having complied with the first order, Curtis-Joseph violated a second court order issued in March 2010. Because a year had passed at that point and she still had not signed answers to the defendants' interrogatories, and also had not appeared for her previously noticed deposition, the court ordered her to supply signed answers and attend her scheduled deposition by April. Curtis-Joseph did not meet the court's deadline, however, and instead asked the court for more time before furnishing her answers and submitting to her deposition. That prompted the defendants to move to dismiss the case for want of prosecution under Rule 41(b), citing the costs they had already incurred from the previous delays. Two months later, in June, when Curtis-Joseph still had not provided the required discovery or been deposed, the court granted the motion. The court explained that Curtis-Joseph had not complied with two orders to provide interrogatory answers, that she

had twice failed to appear for her deposition, and that without her participation in discovery for over a year, the case had "ground to a halt," making it impossible to evaluate the potential merits of her claims. The court later denied Curtis-Joseph's motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Before we consider Curtis-Joseph's arguments on appeal, we note that, in their brief, the defendants address only the district court's denial of her Rule 60(b) motion, apparently believing that Curtis-Joseph does not or cannot appeal the Rule 41(b) dismissal itself. But Curtis-Joseph says in her brief that she seeks review of the district court's order dismissing her suit. And she filed her Rule 60(b) motion within 28 days of the court's dismissal order, giving her 30 days from the denial of that motion to appeal the underlying judgment. *See* FED. R. APP. P. 4(a)(1)(A), (4)(A)(vi); *York Group, Inc., v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). She timely appealed after the district court denied her Rule 60(b) motion, and so review of the Rule 41(b) dismissal is proper.

A district court may dismiss a suit for failure to prosecute when confronted with a "clear record of delay or contumacious conduct." *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003). We presume that a district court acted reasonably in dismissing a suit under Rule 41(b), but reverse if the court did not properly assess the frequency and magnitude of the plaintiff's failures to comply with deadlines, the effect of those failures on the court and the other litigants, and the possible merits of the case. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993).

Without disputing that her inaction prolonged the case by over a year and imposed costs on the defendants, Curtis-Joseph devotes most of her brief to blaming her former counsel for the delay. She asserts that Owens never told her that she had to sign the defendants' interrogatories or appear at a deposition in mid-2009 and that, after Owens withdrew, the defendants never contacted her about her deposition or the interrogatories. But Curtis-Joseph belies those assertions elsewhere in her brief. She admits that Owens asked her to sign her answers in July 2009, and that, after Owens withdrew the following month, the defendants asked her directly to sign her answers and attend her deposition. She argues that she refused these requests because she disagreed with the unsigned answers and had other personal difficulties in her life. But she does not explain why her disagreement and personal difficulties prevented her, for most of the next year, from signing corrected answers and attending a deposition. Accordingly, the district court acted upon a clear record of both delay and contumacy in dismissing her suit for failing to prosecute. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665-66 (7th Cir. 2006); *Johnson v. Kamminga*, 34 F.3d 466, 468-69 (7th Cir. 1994).

Curtis-Joseph contends that the district court did not warn her that her case might be dismissed for not complying with the defendants' requests and the court's orders. A plaintiff should ordinarily be forewarned that dismissal is a potential consequence of flouting deadlines and orders. *See Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). But warnings need not come from the court itself; it suffices if a defendant advises the plaintiff that continued intransigence will warrant dismissal. *See Fischer*, 446 F.3d at 665-66 (emphasizing that defendant's motion asking court to dismiss case if pro se plaintiff continued to ignore discovery deadlines gave plaintiff adequate warning). Here, the defendants' motion in April 2010 notified Curtis-Joseph that dismissal was a possible consequence of her year-long disregard of discovery requests and court orders. The district court allowed two more months to pass, and Curtis-Joseph still did not comply. Recognizing the extent of the long delays, the cost to the defendants, and the impossibility of evaluating the merits of the case without discovery, the court did not abuse its discretion in dismissing the case.

Accordingly, we AFFIRM the judgment of the district court.