NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2012[*]
Decided November 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-3793

| | |
|---|---|
| PAULA JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 09-CV-1052-WDS |
| | |
| SCHNUCK MARKETS, INC., | William D. Stiehl, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Paula Johnson filed in Illinois state court a complaint naming as defendants Schnuck Markets along with company chairman Scott Schnuck and security supervisor Linda Winkler. Only the corporate defendant, a supermarket chain based in Missouri, was served with process, and it removed the action to federal court under the diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(b). Johnson alleges that from April to October 2009 she was

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

harassed and followed home by an employee of the company's store in East St. Louis, Illinois. After she complained about the employee to management, Winkler telephoned her to say that a "criminal trespass warning," *see* 720 ILCS § 5/21-3(a)(2); *People v. Washington*, 762 N.E.2d 698, 699–700 (Ill. App. Ct. 2002), had been issued, and that all of the company's stores had been notified that Johnson is not welcome. The district court dismissed four of Johnson's claims under Federal Rule of Civil Procedure 12(b)(6), including a claim for defamation. In that same decision the court denied Johnson's motion to remand the case to state court, *see* 28 U.S.C. § 1447, and also dismissed Scott Schnuck and Winkler from the suit for failure to prosecute because Johnson had never served them with process. Johnson continued to pursue the surviving counts against the company, and both parties took discovery. Eventually the district court granted summary judgment in favor of Schnuck Markets. Instead of appealing the judgment immediately, Johnson filed what she titled as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). She argued that the court had failed to warn her before dismissing Scott Schnuck and Winkler. This motion was denied, and Johnson appeals.[1]

Johnson argues that the district court erred in denying her motion to remand, which was premised on her assertion that the parties are not fully diverse. That motion raised a question of subject-matter jurisdiction, so our review is de novo. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Diversity is established when no plaintiff and defendant shares citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Travelers Prop. Casualty v. Good*, 689 F.3d 714, 717 (7th Cir. 2012). A corporation is a citizen of its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

---

[1] Schnuck Markets argues that the only issue Johnson preserved for appeal is the district court's ruling on her postjudgment motion. That motion was not denied until seven months after entry of final judgment, and only then did Johnson file a notice of appeal. It follows, says Schnuck Markets, that Johnson did not appeal the underlying judgment within the 30 days allotted by Federal Rule of Appellate Procedure 4(a)(1). This contention is mistaken. Johnson's postjudgment motion was filed six days after entry of judgment. Whether it is a motion under Rule 60(b)—as Johnson says—or under Federal Rule of Civil Procedure 59(c), it tolled the finality of the underlying judgment. *See* FED. R. APP. P. 4(a)(1)(A); FED. R. APP. P. 4(a)(4)(A)(v), (vi). Johnson filed a timely notice of appeal after the district court denied her postjudgment motion, and her appeal from the underlying decision also is timely. *See York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401–02 (7th Cir. 2011); *Curtis-Joseph v. Richardson*, 417 F. App'x 570, 572 (7th Cir. 2011).

Johnson does not dispute that she is a citizen of Illinois and seeks more than $75,000, nor does she contest that Schnuck Markets is diverse given that the company is incorporated and has its principal place of business in Missouri. Apparently, though, Johnson believes that complete diversity was lacking because Scott Schnuck or Winkler might live in Illinois. Yet in its notice of removal, Schnuck Markets asserts that Scott Schnuck and Winkler are citizens of Missouri, and Johnson has never contended otherwise. All she says is that after trying unsuccessfully to serve the individual defendants in Missouri, she had intended to send summonses to a Schnuck Markets address in Illinois (but never did). Where she tried to serve Scott Schnuck and Winkler, however, has no bearing on their citizenship. Thus, Johnson gave the district court no reason to remand her lawsuit to state court.

Johnson also argues that the district court erred in denying her second motion under 28 U.S.C. § 455 for recusal of the magistrate judge who was assigned to handle pretrial matters. The magistrate judge, in her opinion, displayed an "appearance of impropriety" throughout the litigation, as evidenced by his adverse rulings on two of her motions, his hostile tone and demeanor during a telephonic motions hearing, and his decision directing counsel for Schnuck Markets to coordinate that hearing by getting both parties on the phone before joining the judge on the conference call. Johnson's first motion for recusal was denied by the magistrate judge, and when she filed her second motion seeking the same relief, the district judge denied it as "moot" after granting summary judgment for Schnuck Markets. Johnson relied on both § 455(a) and § 455(b), but she waived review of her claim under subsection (a) by failing to seek a writ of mandamus. *See United States v. Diekemper*, 604 F.3d 345, 351 (7th Cir. 2010). As for subsection (b), Johnson did not identify any "compelling evidence" as necessary to prove bias. *See Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002). Adverse judicial rulings alone will almost never suffice to establish judicial bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Browkaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). Neither will a judge's "expressions of impatience, dissatisfaction, annoyance, and even anger." *Liteky*, 510 U.S. at 555–56; *see United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009).

As for the merits of her six original claims, Johnson contests only the dismissal under Rule 12(b)(6) of her claim for defamation. The district court understood Johnson's defamation claim to rest on her allegations that Winkler had made "lewd, offensive, hostile" comments when she phoned to give notice about the "criminal trespass warning," and that Winkler had notified all Schnuck Markets locations that Johnson was given that warning. Johnson characterizes Winkler's communications as defamation per se. In Illinois, a plaintiff claiming defamation must show that the defendant "made a false statement concerning the plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by the defendant, and that the plaintiff suffered damages as a result." *Giant Screen*

*Sports v. Canadian Imperial Bank of Commerce,* 553 F.3d 527, 532 (7th Cir. 2009). The state recognizes five categories of defamation per se, only one conceivably relevant to this case: words imputing the commission of a crime. *Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 924 (7th Cir. 2003); *Green v. Rogers,* 917 N.E.2d 450, 459 (Ill. 2009).   Johnson does not disagree with the district court's reading of her claim, which the court rejected as insufficient to satisfy the pleading standard of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007). The court reasoned that Johnson did not identify Winkler's specific statements, or say how Winkler's communications to her or the stores in the chain were false, or even that the element of publication was satisfied. In this court Johnson ignores the question of her complaint's adequacy and instead insists that Winkler's words on the phone caused harm to her reputation and that the notice Winkler gave to the stores about the "criminal trespass warning" was false because she had not committed any crime.

Johnson's appellate claim lacks merit. Even before *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), we had understood notice-pleading standards to require a plaintiff alleging defamation to identify the defendant's false statements and allege their communication to a third party. *See Mass. Bay Ins. Co. v. Vic Koenig Leasing, Inc.* 136 F.3d 1116, 1128 (7th Cir. 1998) (explaining that complaint omitting allegation of communication to third party could not be read to plead state-law claim for slander); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992) (concluding that plaintiff's "failure to allege anything more than that the defendant lied" in letter to third party, "without even stating what those lies are, is simply not enough to state a claim" even under "the liberal system of notice pleading").

Moreover, Johnson could not have been defamed by Winkler's statements in a personal phone call—whatever those statements might have been—because a communication to the plaintiff is not a communication to a third party. *See Madison v. Frazier,* 539 F.3d 646, 653 (7th Cir. 2008); *Emery v. Northeast Ill. Regional Commuter R.R. Corp.,* 880 N.E.2d 1002, 1009 (Ill. App. Ct. 2007). And though it seems a stretch to read into Johnson's complaint any allegedly false statement by Winkler to the chain of stores, we now know from the evidence submitted on Johnson's other two claims at summary judgment that she simply misunderstood the facts underlying Winkler's broadcast. Johnson had been caught shoplifting at a Schnuck Markets location in 2002, and during discovery the company produced an incident report documenting that a "criminal trespass warning" had been given to Johnson. Although state prosecutors had dropped the criminal charge in 2005, the supermarket chain never extinguished its internal warning, and it was that warning that Winkler reinforced to Johnson during their phone conversation in October 2009. Johnson misinterpreted Winker's reminder (and the notice Winkler had given to the company's stores) to mean that a *new* warning had been issued. Johnson assumed that Winkler could not be speaking about the 2002 warning because, in her mind, that had disappeared with the criminal charge. Thus, Johnson never had an actionable defamation claim under Illinois

law because Winkler did not make a false statement of fact about Johnson. *See Maxon v. Ottawa Publishing Co.,* 929 N.E.2d 666, 676–77 (Ill. App. Ct. 2010). And even if that was not the case, Illinois law immunizes even false statements if the publisher reasonably believes that publication is warranted and the third-party recipient has a sufficient interest in the information. *See Kuwik v. Starmark Star Mktg. & Admin., Inc.,* 619 N.E.2d 129, 132–35 (Ill. 1993); *Anderson v. Beach,* 897 N.E.2d 361, 363, 367–68 (Ill. App. Ct. 2008) (recognizing conditional privilege where police officer reasonably believed that sharing with fellow officers information about alleged wrongdoing by member of the force was warranted).

Johnson next challenges the district court's refusal to sanction Schnuck Markets under Federal Rule of Civil Procedure 37 for alleged discovery violations. *See* FED. R. CIV. P. 37. District courts have wide discretion in supervising discovery and deciding whether or not to impose sanctions. *See Hunt v. DaVita,* 680 F.3d 775, 780 (7th Cir. 2012). Johnson's motion for sanctions accused the company of not making initial disclosures under Federal Rule of Civil Procedure 26(a), and also failing to respond to interrogatories and requests for production she had served five times. But when looking at the entire procedural history of the case, *see Rice v. City of Chicago,* 333 F.3d 780, 785 (7th Cir. 2003), we cannot conclude that the district court abused its discretion in declining to impose sanctions, *see Park v. City of Chicago,* 297 F.3d 606, 614 (7th Cir. 2002). Neither party complied with the original discovery order. Neither party made timely initial disclosures. Johnson did not submit a motion to compel discovery, *see* FED. R. CIV. P. 37(a)(3)(B), nor did she certify that she in good faith had conferred or attempted to confer with Schnuck Markets to obtain discovery responses without court action, *see* FED. R. CIV. P. 37(d)(1)(B). Though the company did not respond to any of Johnson's discovery requests or serve any of its own until more than two years after Johnson filed suit, it did communicate with Johnson in an effort to agree to new extended deadlines. Moreover, Johnson has not shown how Schnuck Markets' noncompliance prejudiced her. She does not say that any late or missing discovery could have salvaged her defamation claim, the only claim she seeks to revive. *See, e.g., Malik v. Falcon Holdings, LLC,* 675 F.3d 646, 649–50 (7th Cir. 2012) (considering prejudice to party seeking sanctions); *Commonwealth Ins. Co. v. Titan Tire Corp.,* 398 F.3d 879, 888 (7th Cir. 2004) (concluding that district court did not err by declining to impose sanctions when violation was harmless).

We have reviewed Johnson's other contentions, and none has merit.

AFFIRMED.